# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1122

_____

Teresa Gonzalez De Jimenez,           *
                                            *

            Petitioner,         *

                                            *   Petition for Review
      v.                         *   of an Order of the
                                            *   Board of Immigration Appeals

John Ashcroft, United States      *
Attorney General,             *
                                            *

           Respondent.       *

_____

Submitted:  December 18, 2003

Filed: June 7, 2004

_____

Before MELLOY, McMILLIAN and BOWMAN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

This matter arises out of exclusion proceedings before an immigration judge which resulted in an *in abstentia* order finding Teresa Gonzalez de Jimenez (petitioner) subject to exclusion and deportation following her failure to appear at a hearing. She now petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reconsider its earlier denial of her motion to reopen the case. Petitioner maintains that the BIA abused its discretion in denying her the opportunity to establish reasonable cause for her failure to appear at the hearing. She argues, among other things, that the BIA misapplied its own

precedent and erroneously disregarded evidence she had presented. For the reasons stated below, we grant the petition for review and remand the case to the BIA with instructions.

Petitioner, a citizen of Mexico, became a lawful permanent resident in the United States when she married a naturalized citizen in 1984. She has two children from the marriage. In 1986, her husband moved to Texas to receive medical treatment. Since then, petitioner alone has raised the children. She owns a home in Wichita, Kansas, where she has worked as a janitor for the City of Wichita for over fourteen years.

On January 19, 1997, the Immigration and Naturalization Service (INS) commenced exclusion proceedings against petitioner on the charge that she had knowingly assisted an alien attempting to enter the United States illegally. Petitioner was ordered to appear at an exclusion hearing in San Antonio, Texas, on June 3, 1997. Petitioner appeared at that hearing as ordered. At the hearing, petitioner admitted under oath that she had attempted to help her son's girlfriend enter the United States illegally. Although there was no dispute that she had violated the law, the immigration judge in San Antonio continued the hearing to afford petitioner an opportunity to apply for a discretionary waiver of deportation under 8 U.S.C. § 1182(c) (1994).[1] See Administrative Record (A.R.) at 202-03 (Transcript of Hearing). Petitioner requested that the rescheduled hearing take place in Kansas City, Missouri, closer to her home, and the immigration judge granted the request.

---

[1]Although § 212(c) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1182(c) (1994), has been repealed, the government does not contend that petitioner is ineligible for a discretionary waiver on that basis. According to the government, under the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001), aliens in removal proceedings may, in some circumstances, "still be eligible for waiver of deportation pursuant to INA § 212(c), despite its repeal in 1999." Brief for Respondent at 7 n.3.

The rescheduled hearing was set for August 18, 1998, at 9:00 a.m., to be held before an immigration judge located in Chicago, Illinois. To accommodate petitioner's venue request, the hearing was to be conducted telephonically. Petitioner and the government attorney were duly notified to appear at the INS District Office in Kansas City, Missouri.

On the morning of August 18, 1998, the government attorney timely appeared at the INS office in Kansas City, but petitioner did not. On the government's motion, the immigration judge issued an exclusion order against petitioner *in absentia*. Petitioner did not call the INS office or the immigration court on the date of the hearing to explain her failure to appear.

Nine days later, on August 27, 1998, the INS office in Kansas City received by certified mail a letter from petitioner addressed to the "Immigration Judge," dated August 19, 1998. In her letter, petitioner acknowledged her failure to appear at the INS office for her hearing and asked for reconsideration. She explained that, on the morning of the hearing, she was "unable to locate the address on time" and that one of her sons had become ill due to the lack of air conditioning in her car. She also enclosed documents that she had intended to present at the hearing to support her request for a waiver of deportation. The INS office in Kansas City forwarded petitioner's letter and enclosed documents to the immigration judge in Chicago. See A.R. at 176-84.

Around the same time, petitioner received in the mail the immigration judge's *in abstentia* order stating that she was to be deported from the United States. At the bottom of the order, the immigration judge had written by hand: "Applicant has 30 days to file Appeal to Board of Immigration Appeals." A.R. at 185 (*in abstentia* order). Included with the order was a form cover sheet signed by the clerk of the immigration court. On that cover sheet, the following instructions were clearly checked off:

> ATTACHED IS A COPY OF THE DECISION OF THE
> IMMIGRATION JUDGE. THIS DECISION IS FINAL UNLESS AN
> APPEAL IS FILED WITH THE BOARD OF IMMIGRATION
> APPEALS WITHIN 3O CALENDAR DAYS OF THE DATE OF THE
> MAILING OF THIS WRITTEN DECISION. YOUR NOTICE OF
> APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER
> REQUEST MUST BE MAILED TO:
>
> > BOARD OF IMMIGRATION APPEALS
> > OFFICE OF THE CLERK
> > P.O. BOX 8530
> > FALLS CHURCH, VA 22041

A.R. at 175 (cover sheet). Printed on the same cover sheet were the following alternative instructions, which were *not* checked off:

> ATTACHED IS A COPY OF THE DECISION OF THE
> IMMIGRATION JUDGE AS THE RESULT OF YOUR FAILURE TO
> APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL
> HEARING. THIS DECISION IS FINAL UNLESS A MOTION TO
> REOPEN IS FILED IN ACCORDANCE WITH SECTION 242B(c)(3)
> OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
> SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR
> SECTION 240(c)(6), 8 U.S.C. SECTION 1229A(c)(6) IN REMOVAL
> PROCEEDINGS. IF YOU FILE A MOTION TO REOPEN, YOUR
> MOTION MUST BE FILED WITH THIS COURT:
>
> > IMMIGRATION COURT
> > 55 EAST MONROE ST., SUITE 1900
> > CHICAGO, IL 60603

Id.

Petitioner timely filed an appeal with the BIA as instructed. Her appeal was *pro se*. In a handwritten letter, she explained that she could not afford an attorney.

-4-

She further asserted that she had missed the August 18th hearing "because of a sick child and trouble locating the building," and she asked the BIA to give her a "second chance."  A.R. at 158 (*pro se* appeal).

Three years later, on March 20, 2002, the BIA dismissed petitioner's appeal. A.R. at 147-48 (In re: Teresa Gonzalez de Jimenez, File No. A38 946 672 (BIA Mar. 20, 2002)).  In dismissing petitioner's administrative appeal, the BIA explained:

> [A]n *in abstentia* order is proper in exclusion proceedings if the alien has been given an opportunity to be present and without reasonable cause fails or refuses to attend or remain in attendance.  Where an alien later establishes that he or she had reasonable cause for the failure to appear, the Immigration Judge's order may be vacated and proceedings may be reopened, or the alien may appeal the adverse decision directly to the Board, as the alien has done in the case before us.  In exclusion proceedings, the "reasonable cause" standard will be applied.
>
> An alien has an obligation to appear in Immigration Court at the time and date indicated on a Notice of Hearing.  Normally, a valid excuse for an alien's absence will be reasonable under the circumstances of the case and will be substantiated by evidentiary material or an affidavit.  The applicant has submitted no affidavit or other evidence to support her claim of her child being sick or being unable to locate the building.
>
> We conclude that the applicant's reasons for her failure to appear do not constitute reasonable cause.  General assertions, without more, do not constitute reasonable cause that would warrant remand of an *in abstentia* exclusion proceeding.  Claims of an ill child without corroborative evidence, or mere good intentions toward her family, are insufficient for satisfying the reasonable cause standard.  The applicant failed to explain why she had been unable to locate the building and did nothing to alert the Immigration Court of the problem.  The applicant could have ensured her appearance by taking steps earlier to familiarize herself with the location of the Immigration Court or else find someone

> to accompany her who had knowledge of the area and traffic conditions. The applicant's stated reasons for failing to appear do not satisfy the definition of reasonable cause.

Id. (internal citations omitted).

After receiving the BIA's order dismissing her appeal, petitioner hired an attorney. On June 18, 2002, through her attorney, petitioner filed a motion to reopen along with numerous supporting documents, including her own sworn affidavit which explained in detail the events surrounding her failure to appear at the hearing on August 18, 1998. In her affidavit, petitioner stated, among other things, that, on the morning of the hearing, she left her home at 4:00 a.m., allowing herself four hours to reach Kansas City and one hour to find the INS District Office. She had not obtained exact directions to the INS office prior to her trip because she thought she could successfully ask for directions upon arriving in the city. With her were her two minor sons, then ages 10 and 15. At approximately 8:00 a.m., petitioner reached Kansas City, where she encountered heavy traffic. She stopped in the downtown area and asked several people for directions to the INS office, but no one could help her. She proceeded to another area of town and again asked for directions. A man incorrectly told her that the INS office was in Liberty, Missouri, and directed her out of the city, where she became lost on the highway. She continued driving, hoping that she would be able to find the INS office. It was hot, and the air conditioning in her car was broken. Her younger son became ill and vomited in the car. At approximately 10:30 a.m., petitioner gave up and returned home. The next day she wrote the letter to the immigration judge apologizing for her absence. See A.R. at 92-93 (Affidavit of Teresa Jimenez).

On September 17, 2002, the BIA denied petitioner's motion to reopen. A.R. at 29 (In re: Teresa Gonzalez de Jimenez, File No. A38 946 672 (BIA Sept. 17, 2002) (per curiam)). The BIA explained:

-6-

We find that the applicant has failed to establish reasonable cause for her failure to appear at the hearing on August 18, 1998. See Matter of S-A-, 21 I&N Dec. 1050 (BIA 1997) (a general assertion that traffic prevented an applicant from reaching his hearing on time does not constitute reasonable cause). Furthermore, the applicant has not indicated why she failed to contact the Immigration Court on the day of her hearing, nor is it clear why she failed to ascertain the location of the Immigration Court prior to the hearing date. We also note that the applicant failed to submit her evidence previously to the Immigration Judge for consideration. See, e.g., Matter of Grijalva, 21 I&N Dec. 27 (BIA 1995) (the Board ordinarily will not consider any previously available evidence first proffered on appeal, as its review is limited to the record of proceedings before the Immigration Judge). Accordingly, the applicant's motion is denied.

Id.

On October 15, 2002, petitioner filed a motion and supporting brief requesting that the BIA reconsider its denial of her motion to reopen. In her supporting brief, she argued, among other things, that the BIA had misapplied Matter of S-A- to her case and that the BIA had improperly disregarded her evidence. See A.R. at 16-20 (Brief in Support of Motion to Reconsider). In a per curiam order dated December 12, 2002, the BIA summarily denied her motion to reconsider, stating only that it could find no reason to reconsider its earlier decision. A.R. at 6 (In re: Teresa Gonzalez de Jimenez, File No. A38 946 672 (BIA Dec. 12, 2002) (per curiam)). On January 13, 2003, petitioner filed a notice of petition for review in this court.[2]

---

[2]Because the underlying exclusion proceedings commenced before April 1, 1997, and concluded after October 30, 1996, our review of the BIA's order is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). See Fisher v. INS, 291 F.3d 491, 496 (8th Cir. 2002). Under those transitional rules, petition had 30 days from the date of the final order of exclusion or deportation in which to file her notice of petition for review. See, e.g., Ibrik v. INS, 108 F.3d 596, 597 (5th Cir. 1997) (per curiam) (explaining

We begin by addressing the government's threshold argument that "this Court has no jurisdiction to review the BIA's September 17, 2002, decision denying [petitioner's] motion to reopen." Brief for Respondent at 12. The government argues that petitioner's notice of appeal was untimely filed vis-a-vis the denial of her motion to reopen because she filed her notice of appeal thirty days after the BIA's order denying her motion to reconsider[3] and, under Stone v. INS, 514 U.S. 386, 406 (1995), the motion to reconsider did not toll the time to appeal from the denial of her motion to reopen.

As the government suggests, petitioner could have sought immediate review of the BIA's dismissal of her motion to reopen. See Stone v. INS, 514 U.S. at 394 ("We conclude that the statute is best understood as reflecting an intent on the part of Congress that deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider."). Her failure to do so deprives us of jurisdiction to review directly the BIA's denial of her motion to reopen. See, e.g., Belay-Gebru v. INS, 327 F.3d 998, 1000 (10th Cir. 2003) (where petition for review was filed within 30 days of the denial of the petitioner's second motion to reconsider filed with the BIA, holding that the court lacked jurisdiction under the IIRIRA transitional rules to review the BIA's dismissal of the petitioner's appeal of the immigration judge's deportation order or the BIA's denial of the petitioner's first motion to reconsider). However, petitioner's failure to seek judicial review of the BIA's earlier order does not deprive us of jurisdiction to review the BIA's denial of her motion to reconsider. Indeed, the proposition that a petitioner might first seek reconsideration from the agency and then, if unsuccessful, seek

_____

operation of transitional rules with respect to time in which to file petition for review).

[3]The thirtieth day after the denial of the motion to reconsider fell on a Saturday. Consequently, the relevant date for filing purposes was the following Monday, January 13, 2003. See Fed. R. App. P. 26(a)(3).

judiciary review was specifically recognized by the Supreme Court in Stone v. INS, 514 U.S. at 405-06 ("[t]he alien, if he chooses, may also seek agency reconsideration of the order and seek review of the disposition upon reconsideration"). The BIA's denial of petitioner's motion to reconsider is an "order of deportation" for purposes of permitting judicial review. See Chow v. INS, 113 F.3d 659, 664 (7th Cir. 1997) ("Congress has not clearly expressed an intent to depart from the long line of Supreme Court and appellate court decisions interpreting 'order of deportation' to include orders denying motions to reconsider and reopen."). Moreover, the BIA's dismissal of petitioner's *pro se* appeal and its denial of her motion to reopen are not *res judicata* with respect to issues raised by the motion to reconsider. Cf. Desta v. Ashcroft, 329 F.3d 1179, 1183-84 (10th Cir. 2003) ("An unchallenged ruling by the BIA on a motion to reconsider is final in that it is separately appealable. But it is not *res judicata* with respect to an issue pending on judicial review of the original decision of the BIA.") (internal footnote omitted). Thus, we have jurisdiction to review the BIA's denial of petitioner's motion to reconsider and, in so doing, we may revisit any relevant issues addressed by the BIA's denial of petitioner's motion to reopen. In other words, although we are not directly reviewing the BIA's order denying petitioner's motion to reopen, our review of the denial of the motion to reconsider may require us to consider the validity of that order.

According to petitioner, she set forth in her motion to reconsider compelling reasons for the BIA to rescind its denial of her motion to reopen. As indicated above, the BIA denied the motion to reopen because: (1) petitioner could not, under Matter of S-A-, rely upon the "general assertion" that traffic prevented her from reaching the hearing to establish reasonable cause for her failure to appear; (2) petitioner had not explained her failure to obtain directions to the INS office prior to the hearing date or her failure to contact the immigration court on the day of the hearing; and (3) the BIA could not consider petitioner's submitted evidence because that evidence had not previously been presented to the immigration judge. In arguing to the BIA that it had abused its discretion, petitioner emphasized that "Matter of S-A- does not establish

a *per se* rule that traffic-related reasons can never be 'reasonable cause' for failure to appear at an immigration hearing.'" Matter of S-A-, petitioner explained, "instructs applicants seeking reopening of hearings conducted *in abstentia* to provide 'detail that would enable [the BIA] to meaningfully evaluate his [or her] claim.'" A.R. at 17 (Brief in Support of Motion to Reconsider). Moreover, petitioner continued, the BIA emphasized in Matter of S-A- that the applicant had credibility problems, which is not the case here. In Matter of S-A-, not only did the applicant claim that traffic prevented his timely appearance at his hearing, he also tried to argue (inconsistently) that he had never received notice of the hearing. By contrast, petitioner argued, she had consistently and credibly explained her reasons for failing to appear at the INS office in Kansas City despite her best efforts. See id. at 17-18.

Petitioner also argued in her motion to reconsider that the BIA had improperly disregarded her evidence in denying her motion to reopen. The BIA cited Matter of Grijalva, 21 I&N Dec. 27 (BIA 1995), for the proposition that "the Board ordinarily will not consider any previously available evidence first proffered on appeal, as its review is limited to the record of proceedings before the Immigration Judge." A.R. at 25 (BIA order denying motion to reopen). The BIA then concluded: "Accordingly, the applicant's motion is denied." Id. In response, petitioner explained:

> This Board's indication that there was something improper about the presentation of evidence was erroneous. Optimally, Mrs. Jimenez would have been notified in the Order of the Immigration Judge that she had an opportunity to move to reopen her proceedings in Immigration Court rather than of the advisement that she had 30 days to appeal to this Board. That was not her fault.

A.R. at 20 (Brief in Support of Motion to Reconsider).

Thus, petitioner argued, the BIA should reconsider its earlier decision which was based upon, among other asserted errors, a misapplication of Matter of S-A- and

a mistaken assumption that she had improperly ignored an opportunity to present her evidence to the immigration judge. Now, before this court, petitioner maintains that the BIA abused its discretion in summarily rejecting her arguments supporting her motion to reconsider.

We agree with petitioner that the BIA incorrectly applied Matter of S-A- in the present case. As the BIA recognized, Matter of S-A- holds that a general assertion about heavy traffic, alone, will not suffice to establish reasonable cause to reopen an *in abstentia* exclusion order. In the present case, however, petitioner gave a detailed description of a multitude of factors contributing to her failure to appear at the hearing in question.

Moreover, petitioner tried to present evidence supporting her detailed explanation for her failure to appear. The BIA indicated that it would not consider petitioner's evidence because she had failed to present it to the immigration judge first. The only way that petitioner could have first presented this evidence to the immigration judge would have been by filing a motion to reopen with the immigration court immediately upon receiving the immigration judge's *in abstentia* order of exclusion and deportation. However, in this particular case, petitioner did not have a reasonable opportunity to do so. The immigration judge's order specifically instructed her: "Applicant has 30 days to file Appeal to Board of Immigration Appeals." The cover sheet signed by the clerk of the immigration court additionally instructed her that the immigration judge's decision would become final unless she filed an appeal with the BIA within 30 days; that cover sheet also implied that she should *not* file a motion to reopen with the immigration court. In other words, petitioner – who was then acting *pro se* – was affirmatively and incorrectly instructed by both the immigration judge and the clerk of the immigration court that her next step was to appeal to the BIA, not to file a motion to reopen with the immigration court. Had they correctly instructed her that she should move to reopen the *in abstentia* order in the immigration court, that undoubtedly would have been her

-11-

next course of action.  Given these facts, she should not be penalized for her failure to first present her evidence to the immigration judge.  Once this injustice had been brought to the BIA's attention by her motion to reconsider, the BIA should have corrected the error.

We therefore hold that the BIA abused its discretion in denying petitioner's motion to reconsider.  The petition for review is granted, and the matter is remanded to the BIA with instructions to remand this case to the immigration court with instructions to permit petitioner a reasonable opportunity to file a motion to reopen in that court.

_____