# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1847

_____

Maria De Los Angeles Cruz Beranza;       *
Luis Angel Quintanar Cruz,                *
                                          *
            Petitioners,                  *
                                          *   Petition for Review of
      v.                                  *   an Order of the
                                          *   Board of Immigration Appeals
Alberto Gonzales,[1] Attorney General     *
of the United States,                     *   [UNPUBLISHED]
                                          *
            Respondent.                   *

_____

Submitted: November 15, 2005
    Filed: November 23, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Petitioners Maria De Los Angeles Cruz Beranza and her son, Luis Angel
Quintanar Cruz, seek review of an order of the Board of Immigration Appeals (BIA)
refusing to reconsider or reopen its earlier decision denying suspension of

_____

      [1]Alberto Gonzales has been appointed to serve as Attorney General of the
United States, and is substituted as respondent pursuant to Federal Rule of Appellate
Procedure 43(c).

deportation. For the reasons stated below, we dismiss the petition for lack of jurisdiction.

Petitioners are natives of Mexico who entered the United States without inspection on or about May 1, 1989. Deportation proceedings were initiated against them in February 1997. After admitting deportability, petitioners applied for suspension of deportation. An immigration judge (IJ) denied their application upon determining that they failed to meet the extreme-hardship requirement for suspension of deportation, and the BIA affirmed. Petitioners filed alternate motions to reconsider or reopen. By order dated March 8, 2004, the BIA denied their motions. On April 8, 2004, petitioners filed the present petition for review of the March 8 order.

Our review is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, § 309, 110 Stat. 3009-546, 3009-625 to -627 (1996). See De Jimenez v. Ashcroft, 370 F.3d 783, 788 n.2 (8th Cir. 2004) (where exclusion proceedings began before April 1, 1997, and concluded after October 30, 1996, court's review is governed by transitional rules of IIRIRA). Under those rules, petitioners were required to file their petition for review within thirty days of the date of the order. See IIRIRA § 309(c)(4)(C) ("the petition for judicial review must be filed not later than 30 days after the date of the final order of exclusion or deportation"). A failure to file a timely petition for review deprives this court of jurisdiction. See Stone v. INS, 514 U.S. 386, 405 (1995) (provisions governing judicial review, especially statutory provisions specifying time limits, are jurisdictional and must be strictly construed); De Jimenez, 370 F.3d at 788 (failure to file petition for review within thirty days of order denying motion to reopen deprived court of jurisdiction to review that order). In the present case, the petition for review was filed thirty-one days after the date of the BIA's order, and the thirtieth day did not fall on a Saturday, Sunday, or legal holiday. Thus, the petition was untimely filed.

Moreover, under IIRIRA § 309(c)(4)(E), "there shall be no appeal of any discretionary decision" under the provision governing applications for suspension of deportation. In this circuit, a decision concerning the extreme-hardship requirement, for purposes of an application for suspension of deportation, is discretionary and therefore nonreviewable. <u>See</u> <u>Martinez Ortiz v. Ashcroft</u>, 361 F.3d 480, 481 (8th Cir. 2004) (IJ's decision that petitioner's deportation to Mexico would not cause extreme hardship was discretionary one which court lacked jurisdiction to review).

Accordingly, we lack jurisdiction to review the BIA's order. The petition for review is dismissed.

_____