[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 10, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12447
Non-Argument Calendar
_____

Agency No. A73-717-709

RAUL GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 10, 2005)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner, Raul Gonzalez, a native and citizen of Mexico, entered the United States on July 1, 1994 without being admitted or paroled. On November 28, 1994, he applied for asylum with the Immigration and Naturalization Service ("INS").[1] On July 21, 1999, the INS sent Petitioner a Notice to Appear ("NTA"), which ordered him to appear before an Immigration Judge ("IJ") on October 22, 1999, for a removal hearing. Petitioner failed to appear as ordered, and the IJ in absentia ordered Petitioner removed to Mexico. On January 22, 2004, Petitioner moved the IJ to reconsider the ruling, contending, among other things, that an in absentia order of removal is inappropriate where the record reflects, as in this case, that he did not receive the NTA. The IJ issued an order denying his motion on April 15, 2004. On May 17, 2004, Petitioner filed a notice to appeal the IJ's denial of his motion to reconsider. Then, on June 22, 2004, Petitioner filed his appeal to the Board of Immigration Appeals ("BIA"). On December 13, 2004, the BIA affirmed the IJ's decision pursuant to 8 C.F.R. § 1003.1(e)(4). On January 10, 2005, Petitioner moved the BIA to reconsider its decision. On April 12, 2005, the BIA denied his motion. On May 5, 2005, Petitioner filed a notice of appeal, requesting this court to review the BIA's April 12, 2005 order.

---

[1] On November 25, 2002, the President signed into law the Homeland Security Act of 2002, which created the Department of Homeland Security ("DHS"), abolished the INS, and transferred INS's functions to DHS. Because this case was initiated while the INS was still operative, and for convenience, we refer to the agency as the INS rather than the DHS.

Two issues are presented:

(1) Whether this court lacks jurisdiction to review the underlying merits of the IJ's removal order, affirmed by the BIA on December 13, 2004, because Petitioner failed timely to file a petition for review of the IJ's order;

(2) Whether the IJ erred in finding that Petitioner was provided proper notice of his removal proceeding where the notice was mailed to the most recent address he provided.

I.

We review "questions of subject matter jurisdiction de novo." Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation and citation omitted). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. See INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). A motion to reconsider, filed with the BIA, does not suspend the finality of an underlying order and does not toll the review period. Stone v INS, 514 U.S. 386, 405-06, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995) (construing the former 90-day period for filing a petition for review under the INA § 106(a)(1), 8 U.S.C. § 1105a(a)).

Petitioner relies on Jimenez v. Ashcroft, 370 F.3d 783 (8th Cir. 2004), to support the proposition that it would be impossible for us to provide any

3

meaningful review of the denial of his motion to reconsider without considering the validity of the underlying IJ order. In Jimenez, the petitioner never filed a petition for review of an in absentia deportation order. Jimenez, 370 F.3d at 786. When the IJ mailed the in absentia order to the petitioner, instructions were included that discouraged the petitioner from filing a motion to reopen the IJ's in absentia deportation ruling and encouraged her to appeal directly to the BIA. Id. After her timely pro se appeal to the BIA was dismissed based on her failure to establish a reasonable cause for her in absentia, the petitioner filed a motion to reopen, which the BIA denied for the same reason, and then filed a motion to reconsider the BIA's denial of the motion to reopen, which the BIA also denied. Id. at 786-88. The petitioner then filed a timely petition to review the motion to reconsider, and the Eighth Circuit held that the petitioner's failure to petition for review of the denial of her motion to reopen deprived the court of its jurisdiction to review her motion to reopen. Id. at 788. However, the Eighth Circuit explained that:

> we have jurisdiction to review the BIA's denial of petitioner's motion to reconsider and, in so doing, we may revisit any relevant issues addressed by the BIA's denial of petitioner's motion to reopen. In other words, although we are not directly reviewing the BIA's order denying petitioner's motion to reopen, our review of the denial of the motion to reconsider may require us to consider the validity of that order.

4

Id. at 789. Because of the IJ's initial instructions discouraging the petitioner from filing a motion to reopen the IJ's in absentia deportation ruling and encouraging her to appeal directly to the BIA, the Eighth Circuit granted the petitioner's motion to reconsider and instructed the BIA to remand the case to the IJ with specific instructions to allow the petitioner to file a motion to reopen the case. Id. at 790.

Our review is limited to the BIA's denial on April 12, 2005 of Petitioner's second motion to reconsider. Petitioner never filed an appeal to the BIA or a petition for review of the IJ's in absentia removal order, and his motion to reconsider did not suspend the finality of that order and did not toll the review period. Moreover, his reliance on Jimenez is misplaced. Jimenez does not support the proposition that an appellate court may review issues in the original BIA or IJ order when a petition for review of that order was not timely filed but the issues are the same as those in the motion to reopen or reconsider. Rather Jimenez specifically held that an appellate court will not directly review orders or motions for which a petition for review was not timely filed and will consider information related to time-barred documents only as such information directly relates to the court's consideration of the timely appealed motion or order before it.

In sum, we lack jurisdiction to review the IJ's order of removal because Petitioner failed timely to file in this court a petition for review of the BIA's December 13, 2004 decision affirming the IJ's order.

5

Petitioner contends that the BIA abused its discretion and violated his due process rights in denying his motion to reconsider, because he neither received the NTA nor can be charged with receiving it. He cites to In re G-Y-R-, 23 I. & N. Dec. 181 (BIA 2001), for the proposition that an in absentia hearing may be conducted only when the alien was sent a written notice at the most recent address provided under INA § 239(a)(1)(F), 8 U.S.C. § 1229(a)(1)(F) (the "(a)(1) address"); however, an alien's address does not become an (a)(1) address unless the alien receives the warning and advisories contained in the NTA so that an alien must receive the NTA before he is able to provide an address in accordance with INA § 239(a)(1)(F), 8 U.S.C. § 1229(a)(1)(F). Petitioner also contends that the BIA abused its discretion when it inexplicably departed from established policies and issued a decision containing only summary or conclusory statements.

"Due process is satisfied so long as the method of notice is conducted "in a manner 'reasonably calculated' to ensure that notice reaches the alien.'" Dominguez v. U.S. Attorney General, 284 F.3d 1258, 1259 (11th Cir. 2002).

> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien . . . does not attend a proceeding under this section, shall be ordered removed in absentia if the [INS] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if

provided at the most recent address provided under section 1229(a)(1)(F) of this title [providing that notice to the alien must specify the requirement that the alien immediately notify the Attorney General of any change of address].

8 U.S.C. § 1229a(b)(5)(A). Such a removal order may be rescinded upon a motion to reopen "filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." 8 U.S.C. § 1229a(b)(5)(C)(ii). Additionally,

Any petition for review under section 1252 of this title of an order entered in absentia under this paragraph shall . . . be confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable.

8 U.S.C. § 1229a(b)(5)(D).

The notice specified in § 1229(a) is effective if mailed to the "last address provided by the alien." 8 U.S.C. § 1229(c). An alien has an affirmative duty to provide the government with a correct address. 8 U.S.C. § 1305(a). Thus, "[t]he statute clearly provides that notice to the alien at the most recent address provided by the alien is sufficient notice, and that there can be an in absentia removal after such notice." Dominguez, 284 F.3d at 1260 (holding that a handwritten note taken by an INS agent during an oral interview did not satisfy the statutory requirement that the notice of an address change be provided in writing).

Petitioner relies on In re G-Y-R- to support his argument that notice to the address he submitted to the INS was improper. The BIA held in that case that notice sent to an address provided by an alien six years prior to the date of the notice did not satisfy the statutory notice requirements. The BIA reasoned that:

> If the alien actually receive[d] or can be charged with receiving [the NTA], then the address used by the Service qualifies as a section 239(a)(1)(F) address, and in absentia proceedings [were] thereafter authorized. If, however, we know that the alien did not receive the [NTA] and the notice of hearing it contains, then the alien cannot be on notice of either removal proceedings or the address obligations particular to removal proceedings. In that instance, the address used by the Service cannot qualify as a section 239(a)(1)(F) address, and the entry of an in absentia order is precluded.

In re G-Y-R-, 23 I. & N. 181.

Lastly, the BIA's summary affirmance of an IJ's removal order does "not violate any due process rights." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1289 (11th Cir. 2003). In Mendoza, we noted that "no entitlement to a full opinion by the BIA exists," and that the fact that "a one-sentence order was entered is no evidence that the BIA member did not review the facts" of the case. Id. (quotation omitted). We also explained that "meaningful review of the INS's removability determination is not precluded by the brevity of the BIA's summary affirmance decision because an appellate court 'will continue to have the IJ's decision and the record upon which it is based available for review.'" Id.

Here, the IJ did not err in finding that Petitioner was provided proper notice of his removal proceedings. He does not dispute that notice of the removal hearing was sent to the most recent address he provided in writing to the INS, as required by § 1305(a), and that the address he provided was incorrect. Therefore, notice of the removal hearing was properly sent and the in absentia removal after such notice was proper because he can be "charged by" receiving the NTA since it was sent to the address he provided. Moreover, In re G-Y-R is distinguishable from the instant case because, in that case, six years had elapsed from the time the address was given and notice was sent; whereas, here, Petitioner provided the address to which the NTA was mailed to the INS in a letter submitted on November 24, 1998, approximately eight months prior to the date of the first NTA, mailed April 15, 1999. Further, our case law holds that an alien has an obligation to update his address and notice to the last known address of an alien satisfies the statutory notice requirements. Moreover, to the extent that Dominguez and In re G-Y-R contradict each other, Dominguez, not In re G-Y-R-, is binding.

Lastly, we find nothing in this record to support the claim that the BIA denied Petitioner due process of law.

PETITION DENIED.