**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MIGUEL A. NAVA MIER Y TERAN,

Petitioner,

v.

ALBERTO R. GONZALES ,*

Respondent.

No. 04-9586
(No. A76-723-358)
(Petition for Review)

**ORDER AND JUDGMENT***

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*       On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the respondent in this action.

\*\*       This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter comes before us on the Petition for Review filed by petitioner Miguel Nava Mier Y Teran and on the Motion to Dismiss in Part, Motion for Summary Disposition in Part, and in the Alternative, Motion to Reset the Briefing Schedule, filed by respondent, the United States Attorney General. Briefly, the respondent argues in his motion that petitioner, a native and citizen of Mexico, was placed in removal proceedings on March 14, 2003, and was ordered removed, *in absentia*, when he failed to appear for his hearing before the Immigration Judge (IJ). Petitioner filed a motion to reopen the proceedings with the IJ which was denied by the IJ. This denial was summarily affirmed by the Board of Immigration Appeals (BIA) on appeal. Petitioner subsequently filed a motion for reconsideration with the BIA which was denied as untimely. Petitioner then filed his petition with this court seeking review of the BIA's denial of his motion for reconsideration. His brief to this court, however, attacks the agency's decision on his motion to reopen, not its decision on the motion to reconsider. Respondent argues (1) that this court has no jurisdiction to review the denial of the motion to reopen, and (2) that the denial of the untimely motion to reconsider should be summarily affirmed. We agree on both counts.

The IJ's order denying petitioner's motion to reopen was entered July 3, 2003. The BIA's decision affirming the IJ's decision without opinion–and thereby making the IJ's decision the final agency determination–was entered

May 25, 2004. Because 8 U.S.C. § 1252(b)(1) requires that a "petition for review must be filed not later than 30 days after the date of the final order of removal," the last day petitioner could have filed a petition seeking review of the BIA's denial of the motion to reopen would have been June 24, 2004.[1] None was filed. The fact that petitioner filed an untimely motion to reconsider on July 2, 2004, does not change this fact. *Stone v. INS*, 514 U.S. 386, 395 (1995) ("[T]he filing of [a] reconsideration motion does not toll the time to petition for review" of a final removal order.). Consequently, this court has no jurisdiction to review the agency's denial of the motion to reopen.

Petitioner's September 17, 2004, petition for review with this court, however, was filed within thirty days of the BIA's August 19, 2004, decision that denied petitioner's motion for reconsideration as untimely. The petition for review also states that petitioner is petitioning for review of the August 19, 2004, order denying reconsideration. Petitioner argues in his response to the government's motion that, in reviewing the denial of the motion for reconsideration, this court may revisit the agency's denial of the motion to reopen. In support of his argument, petitioner cites *De Jimenez v. Ashcroft*, 370 F.3d 783 (8th Cir. 2004). *De Jimenez* is easily distinguished from this case

---

[1]    A denial of a motion to reopen is a final order that may be appealed to this court. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004).

and, in fact, supports this court's ruling. In *De Jimenez*, the petitioner failed to appear at her hearing allegedly because she was unable to locate the building where the hearing was to be held and her child became ill. An order of removal was entered and she moved to reopen. That motion was denied and she moved for reconsideration of the order denying the motion to reopen. After her motion for reconsideration was also denied on the merits, she petitioned for review and the government argued that the court of appeals had no jurisdiction over the denial of the motion to reopen because the petition was untimely filed as to that order. The Eighth Circuit agreed that it only had jurisdiction to review the order denying the motion to reconsider, not the denial of the motion to reopen. The court held, however: "although we are not directly reviewing the BIA's order denying petitioner's motion to reopen, our review of the denial of the motion to reconsider may require us to consider the validity of that order." *Id.* at 789. This holding makes perfect sense in that to determine the propriety of a denial on the merits of a motion to reconsider a previous decision, a court must examine that previous decision. This does not help petitioner, however, because here the BIA denied the motion to reconsider as *untimely*. No consideration of its previous order must be undertaken by a court in order to determine the merits of the denial of reconsideration.

Consequently, unlike the situation in *De Jimenez*, the question before this court is whether the agency erred in denying petitioner's motion for reconsideration as untimely. It is clear that no error was made. The regulations provide that "[a] motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision." 8 C.F.R. § 1003.2(b)(2). Petitioner waited until July 2, 2004, to file his motion to reconsider the BIA's May 25, 2004, decision. Further, petitioner does not argue on appeal that the BIA erred in finding that his motion was untimely.

Considering the above, respondent's motion seeking dismissal in part and summary disposition in part is GRANTED. The petition for review is (1) DISMISSED for lack of jurisdiction to the extent it seeks review of the agency's denial of the motion to reopen, and (2) DENIED to the extent it seeks review of the BIA's order denying petitioner's motion to reconsider.

Entered for the Court

Michael R. Murphy
Circuit Judge