# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3010

_____

| | |
|---|---|
| Bounty Lue Yang, | * |
| | * |
| Petitioner, | * |
| | *   Petition for Review of a Final |
| v. | *   Decision of the Board |
| | *   of Immigration Appeals. |
| Michael B. Mukasey, Attorney General | * |
| of the United States of America,[1] | * |
| | * |
| Respondent. | * |

_____

Submitted: September 27, 2007
Filed: December 21, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Bounty Lue Yang (Yang), a native and citizen of Laos, petitions this court for review of the Board of Immigration Appeals's (BIA) denial of his motion to reconsider the BIA's prior denial of Yang's motion to reopen removal proceedings in relation to his application for asylum, withholding of removal and protection under

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

the Convention Against Torture (CAT). We dismiss in part and deny in part the petition for review.

## I. BACKGROUND

Yang testified he was born in Laos. In Laos, Yang married a Laotian woman and had several children, all of whom remain in Laos. Yang testified he came by himself to the United States through Los Angeles, California, in about October 2000. Yang entered as a non-immigrant visitor with authorization to remain in this country until March 2001, but he remained beyond that date without authorization.[2]

In March 2001, Yang married Phoua Thao (Thao), a United States citizen. Thao filed a visa petition for an alien relative (Form I-130) to begin the process of attaining legal status for Yang, but the visa petition was denied because Yang failed to disclose his prior marriage. Yang also filed an application for adjustment of status, but that application was denied as well.[3] With respect to Yang's application for adjustment of status, Thao submitted a letter declaring that: (1) Yang left Thao after the application was filed; (2) after Thao married Yang, she learned Yang had a wife and children in Laos; and (3) Thao withdrew her support on Yang's behalf. In October 2002, Yang's marriage to Thao ended.[4]

_____

[2]In obtaining his non-immigrant visa, Yang informed the American Embassy he was married.

[3]Yang apparently did not receive notice of the denial of this application until June 2003.

[4]Regarding the dissolution of his marriage to Thao, Yang testified "she did not love [him], [] did not allow [him] to go to school. She did not allow [him] to go to work, learn how to drive and hid[] all [his] documentation and she torture[d] [him] and when she [took] [him] to visit [his] relative, she left [him] there."

In April 2003, Yang married Samantha Xiong (Xiong), another United States citizen. In May 2003, the Department of Homeland Security (DHS) commenced removal proceedings against Yang. In July 2003, Xiong filed a visa petition for an immediate alien relative on Yang's behalf.

Meanwhile, removal proceedings against Yang continued and, on September 10, 2003, at a hearing before an Immigration Judge (IJ), Yang conceded removability but sought asylum, withholding of removal, protection under the CAT, and voluntary departure. On March 7, 2005, the IJ, finding Yang's testimony "very contradictory," issued an oral decision denying all of Yang's claims for relief, but granted Yang sixty days for voluntary departure. Yang appealed to the BIA. On February 6, 2006, the BIA affirmed the IJ's decision in all respects and dismissed Yang's appeal. In doing so, the BIA noted that "while the respondent's application for relief indicates that he was a member of a guerilla resistance force [], the respondent's testimony included no reference to his involvement with this group." Yang never sought review of the BIA's decision.

On April 3, 2006, Yang filed a motion to reopen, stating he would be applying for adjustment of status based upon his marriage to a United States citizen. On April 10, 2006, the DHS issued a notice of intent to deny the visa petition previously filed by Xiong on Yang's behalf. The notice indicated the visa petition contained unofficial documentation regarding a marriage dissolution between Yang and his Laotian wife. The notice made particular reference to a comment Xiong made during a followup interview, when she stated she believed Yang was still married to his Laotian wife. The notice specifically stated, "Yang never obtained a legal divorce from his first spouse." On May 9, 2006, the BIA denied Yang's motion to reopen because Yang failed to provide an application for adjustment of status or sufficient

evidence of a bonafide marriage.[5] Yang did not seek judicial review of the BIA's May 9, 2006, decision.

On May 31, 2006, Yang filed a motion to reconsider the BIA's May 9, 2006, denial of his motion to reopen. Because Yang submitted new evidence in support of this motion—including an adjustment of status application, several reference letters, a house deed, as well as property tax, financial, and utility records—the BIA also construed Yang's motion as a new motion to reopen. On July 11, 2006, finding no legal or factual defects in its previous decision, the BIA denied Yang's motion to reconsider. Also deeming Yang's submission as a motion to reopen because Yang presented new evidence, the BIA further denied Yang's motion because a petitioner is permitted only one motion to reopen (with certain exceptions not relevant to this appeal). On August 8, 2006, arguing the BIA erred in denying his motion to reconsider, Yang petitioned for review.

## II.    DISCUSSION

To the extent Yang's argument attempts to persuade us the BIA's May 9, 2006, denial of his first motion to reopen is in error, we lack jurisdiction to review that denial because Yang did not file a timely petition for review of that order. Yang's appeal seeking judicial review was required to be filed within 30 days of the BIA's May 9, 2006, decision. See 8 U.S.C. § 1252(b)(1); De Jimenez v. Ashcroft, 370 F.3d 783, 788 (8th Cir. 2004) (concluding there was no jurisdiction to review a BIA's denial of a motion to reopen where petitioner failed to appeal within thirty days); see also Nava Mier Y Teran v. Gonzales, 168 F.App'x 868, 869 (10th Cir. 2006) (concluding an appeal of an order by the BIA denying a motion to reopen was a final order that had to be appealed within 30 days); Bronisz v. Ashcroft, 378 F.3d 632, 636

---

[5]By the time the BIA rendered its decision, in an effort to establish a bonafide marriage, Xiong had already withdrawn the July 2003 visa petition filed on behalf of Yang and filed a second relative immigrant visa petition on Yang's behalf.

(7th Cir. 2004) (stating "the denial of a motion to reopen is a final order independently subject to review like any other final order of deportation or removal"); Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003) (relating, "all final BIA orders must be appealed to this court within thirty days" (citing 8 U.S.C. § 1252(b)(1)). Yang did not file an appeal until August 8, 2006. Thus, our jurisdiction is limited to review of the BIA order denying Yang's motion to reconsider, a motion which the BIA also construed as a motion to reopen because Yang submitted additional evidence.[6] We review for abuse of discretion. See Boudaguian v. Ashcroft, 376 F.3d 825, 827 (8th Cir. 2004).

A motion asking the BIA to reconsider an adverse decision "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); see Boudaguian, 376 F.3d at 827-28. "In reviewing the denial of a motion to reconsider, 'we will find an abuse of discretion if the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis (such as race).'" Boudaguian, 376 F.3d at 828 (quoting Zhang, 348 F.3d at 293).

In his motion to reconsider, Yang did not identify what errors of fact or law, if any, the BIA made in its decision denying Yang's petition to reopen. Yang only submitted additional documentation attempting to prove a bonafide marriage. The BIA's reason for denying Yang's motion to reconsider rests on the basis that Yang failed to comply with the statutory standard required for a motion to reconsider. The BIA did not abuse its discretion in denying Yang's motion to reconsider.

---

[6]We note that, although Yang does not challenge the BIA's initial order of February 6, 2006, affirming the IJ, we would also lack jurisdiction to review that order because Yang did not file a timely petition for review. 8 U.S.C. § 1252(b)(1); see also Boudaguian v. Ashcroft, 376 F.3d 825, 827 (8th Cir. 2004).

The BIA also construed Yang's motion to reconsider as a motion to reopen because Yang submitted new documentation attempting to establish a bonafide marriage with a United States citizen. "Motions to reopen are disfavored, especially in removal proceedings." Boudaguian, 376 F.3d at 828. If a motion to reopen is filed, the motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). There is, however, a limit in the number of motions to reopen that may be filed. "An alien may file one motion to reopen proceedings," with certain exceptions not relevant here. See 8 U.S.C. § 1229a(7)(A). When considering Yang's motion as a motion to reopen, the BIA correctly stated Yang's motion was numerically barred because the motion constituted Yang's second motion to reopen.[7]

## III.   CONCLUSION

Based on the foregoing, Yang's petition for review is (1) dismissed for lack of jurisdiction to the extent Yang seeks review of the BIA's initial order and the BIA's May 9, 2006, order denying Yang's first motion to reopen; and (2) denied to the extent Yang seeks review of the BIA's order denying Yang's motion to reconsider and second motion to reopen.

_____

---

[7]We agree with the government that whether a motion to reopen/reconsider tolls a voluntary departure period is now a moot issue because: (1) the BIA decided Yang's motion on the merits, (2) the issue of whether voluntary departure was tolled during the pendency of Yang's motion was not relevant to the BIA's decision, and (3) the government does not contend Yang overstayed his voluntary departure period.