# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-3128/08-1824

_____

Abdul Mounem Al Milaji,         *
                                       *
        Petitioner,          *
                                       *
     v.                        *   Petition for Review of an Order of the
                                     *   Board of Immigration Appeals.
Michael B. Mukasey, Attorney General  *
of the United States,           *
                                       *
        Respondent.        *

_____

Submitted: November 13, 2008
Filed: December 29, 2008

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Abdul Mounem Al Milaji appeals an order of the Board of Immigration Appeals. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition for review.

## I.

Al Milaji, a Syrian citizen, entered the United States in 2000. He applied in 2003 for asylum, withholding of removal, and protection under the Convention

Against Torture. The application claimed that the Syrian government tortured Al Milaji during his compulsory military service and later prevented him from working in the country. It also asserted that, after Al Milaji left the country to find work, Syrian authorities beat him when he returned for visits. The Syrian government mistreated him, the application stated, because he criticized authorities as a student in early 1980s.

The IJ denied the asylum claim as time-barred, since it was filed more than one year after Al Milaji entered the United States. The IJ also made an adverse credibility finding. At his hearing, Al Milaji testified that he had been arrested in 1980, but his application stated that he had never been arrested. The IJ further noted that he held the rank of sergeant during his military service, that he entered and departed Syria five or six times after leaving to find work, and that he did not claim asylum in several other countries he visited before entering the United States. Relying on the adverse credibility finding, the IJ denied the withholding-of-removal and Convention Against Torture claims. The BIA affirmed, but granted Al Milaji 60 days to voluntarily depart.

Al Milaji appealed the BIA's order. Before the 60 days of voluntary departure expired, Al Milaji requested stays of removal and voluntary departure. This court denied those requests. Al Milaji also filed with the BIA a motion to reopen, claiming a bona fide marriage to a U.S. citizen. The BIA denied the motion, citing an absence of evidence that Al Milaji commingled funds, or shared household expenses, with his wife. The BIA also noted that Al Milaji provided no third-party affidavits that the marriage was bona fide. Al Milaji did not appeal to this court within 30 days the denial of the motion to reopen.

After the denial of the motion to reopen, Al Milaji moved for reconsideration with the BIA. He argued that the Department of Homeland Security failed to timely oppose his motion to reopen. The BIA denied the motion for reconsideration, because

it denied the motion to reopen on the merits. Al Milaji timely appealed to this court the denial of the motion for reconsideration.

## II.

Al Milaji appealed the BIA's asylum, credibility, withholding-of-removal, and Convention Against Torture rulings in 2007. He subsequently appealed the denial of the motion to reconsider, but he did not timely appeal the denial of the motion to reopen. This court consolidated these appeals, pursuant to 8 U.S.C. § 1252(b)(6). In his Brief, Al Milaji also requests that this court "reinstate" his period of voluntary departure. When the BIA adopts and affirms the IJ's decision, but also adds reasoning of its own, this court reviews both decisions together. ***Gumaneh v. Mukasey***, 535 F.3d 785, 787 (8th Cir. 2008).

## A.

An asylum-seeker must apply for asylum within one year of entering the United States. **8 U.S.C. § 1158(a)(2)(B)**. An extension may be granted "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." ***Id.* § 1158(a)(2)(D)**. "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." ***Id.* § 1158(a)(3)**. This bar to judicial review "shall not 'be construed as precluding review of *constitutional claims or questions of law* raised upon a petition of review filed with an appropriate court of appeals in accordance with this section.'" ***Purwantono v. Gonzales***, 498 F.3d 822, 824 (8th Cir. 2007), *quoting* **8 U.S.C. § 1252(a)(2)(D)**.

Al Milaji entered the United States on June 5, 2000. He filed for asylum on June 30, 2003. He did not apply for asylum within one year. Al Milaji claims

"extraordinary circumstances" — unfamiliarity with English and the United States, and erroneous information about U.S. asylum law from a friend. The BIA rejected this argument, citing 8 C.F.R. § 1208.4(a)(5). Since Al Milaji has not raised a constitutional claim or question of law, this court lacks jurisdiction of Al Milaji's asylum claim.[1]

B.

Al Milaji also appeals the BIA's credibility finding. "Administrative findings of fact, including findings on credibility, are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Rafiyev v. Mukasey*, 536 F.3d 853, 856 (8th Cir. 2008), *quoting* **8 U.S.C. § 1252(b)(4)(B)**. "Credibility findings in particular are entitled to much weight because the IJ sees the witness testify and is therefore in the best position to determine his or her credibility." *Fofanah v. Gonzales*, 447 F.3d 1037, 1040 (8th Cir. 2006). "This court defers to an immigration judge's credibility finding where the finding is supported by a specific, cogent reason for disbelief." *Sow v. Mukasey*, 546 F.3d 953, 956 (8th Cir. 2008) (citation omitted).

Reviewing for clear error, the BIA affirmed the IJ's adverse credibility finding. *See* **8 C.F.R. § 1003.1(d)(3)(i)**.[2] This finding was supported by: the inconsistent

---

[1]The BIA reversed the IJ's finding that Al Milaji filed a frivolous asylum application. *See* **8 C.F.R. § 1208.20** ("an asylum application is frivolous if any of its material elements is deliberately fabricated"). Al Milaji requests this court to affirm the BIA's ruling. As Al Milaji is not aggrieved by the ruling, this court need not consider this argument.

[2]The REAL ID Act of 2005 permits an IJ to enter a credibility finding "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." **8 U.S.C. § 1158(b)(1)(B)(iii)**. This standard applies to claims filed on or after May 11, 2005. Because Al Milaji applied for asylum in 2003, this standard does not apply here.

-4-

accounts whether he had been arrested in Syria, holding the rank of sergeant in the Syrian military, entering and departing Syria multiple times, not seeking asylum in other countries he visited prior to entering the United States, and not applying for asylum for three years after entering the United States. This court concludes that substantial evidence supports the finding.[3] "Substantive inconsistencies on key issues of an asylum claim can support an adverse credibility finding." *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008).

## C.

Al Milaji next challenges the BIA's denial of his withholding-of-removal and Convention Against Torture claims. Unlike a grant of asylum, which is discretionary, "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." **8 U.S.C. § 1231(b)(3)(A)**. The petitioner must establish this threat by a "clear probability." *Tolego v. Gonzales*, 452 F.3d 763, 766 (8th Cir. 2006), *quoting INS v. Stevic*, 467 U.S. 407, 430 (1984). To warrant reversal of the BIA's decision, Al Milaji must show "that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution." *Miah v. Mukasey*, 519 F.3d 784, 787 (8th Cir. 2008), *quoting INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

The BIA did not err in denying Al Milaji's withholding-of-removal claim. Rejecting the claim, the BIA cited the adverse credibility finding. The BIA may deny a withholding-of-removal claim on this basis. *Sheikh v. Gonzales*, 427 F.3d 1077, 1081 (8th Cir. 2005).

---

[3]Citing *Lopez-Reyes v. INS*, 79 F.3d 908 (9th Cir. 1996), Al Milaji argues that an asylum-seeker may supplement a written application with testimony providing greater detail. *Lopez-Reyes* is inapposite here, since Al Milaji's application and testimony conflicted over whether he had been arrested.

This court also reviews the denial of protection under the Convention Against Torture under the substantial evidence standard. *Sow*, 546 F.3d at 956. "If the immigration judge determines that the alien is more likely than not to be tortured in the country of removal, the alien is entitled to protection under the Convention Against Torture." **8 C.F.R. § 1208.16(c)(4)**. "The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." ***Id.* § 1208.16(c)(2)**.

Substantial evidence supports the BIA's denial of Al Milaji's claim under the Convention Against Torture. The CAT claim is based primarily on Al Milaji's own testimony. The adverse credibility finding, which is supported by substantial evidence, is "fatal" to the CAT claim. *Zine v. Mukasey*, 517 F.3d 535, 541 (8th Cir. 2008).

### D.

Al Milaji also appeals the denial of his motions to reopen and reconsider. "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." **8 C.F.R. § 1003.2(c)(1)**. Al Milaji filed a motion to reopen, citing marriage to a U.S. citizen. *See* **8 U.S.C. § 1255**. To prevail, he must show by "clear and convincing evidence . . . that the marriage was entered into in good faith." ***Id.* § 1255(e)(3)**.

The BIA denied the motion to reopen, citing the absence of evidence that Al Milaji and his wife commingled funds or shared household expenses; it also noted the absence of third-party affidavits.

This court lacks jurisdiction to review the denial of the motion to reopen. Appeal from the denial of a motion to reopen must be made to this court within 30 days of the BIA's decision. *Yang v. Mukasey*, 510 F.3d 793, 795 (8th Cir. 2007),

*citing* **8 U.S.C. § 1252(b)(1)**. The BIA denied the motion to reopen on October 29, 2007. Al Milaji did not appeal to this court within 30 days. Instead, Al Milaji moved the BIA to reconsider the motion to reopen on November 27. Reconsideration motions are distinct from motions to reopen. While a motion to reopen states "new facts that will be proven at a hearing to be held if the motion is granted," 8 C.F.R. § 1003.2(c)(1), a motion to reconsider "specif[ies] the errors of fact or law in the prior Board decision." *Id.* **§ 1003.2(b)(1)**. Review of the motion to reopen has been forfeited.

This court may, however, review the denial of the motion to reconsider. *See De Jimenez v. Ashcroft*, 370 F.3d 783, 788-89 (8th Cir. 2004) (reviewing the denial of a motion to reconsider when the court lacked jurisdiction to review the denial of a motion to reopen). This court reviews the BIA's decision for abuse of discretion. *Aneyoue v. Gonzales*, 478 F.3d 905, 907 (8th Cir. 2007). However, "our review of denial of the motion for reconsideration may require us to consider the validity of [the underlying] order." *Id.* (citation omitted).

The motion to reconsider asserted that the BIA erred in denying the motion to reopen. Al Milaji argues that DHS failed to timely oppose the motion to reopen, citing *In re Velarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002). That case, however, states that DHS opposition is but one of five grounds for denying a motion to reopen. *Id.* at 256. The BIA may also deny a motion to reopen if it does not "present clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide" — the ground cited by the BIA here. *Id.* The denial of the motion to reopen was consistent with *Velarde-Pacheco.* The BIA did not abuse its discretion by denying the motion to reconsider.

E.

Finally, Al Milaji requests this court to "reinstate" his period of voluntary departure. On August 17, 2007, the BIA granted him 60 days to depart voluntarily. Before that period expired, Al Milaji moved this court to stay voluntary departure, which was denied. While this court has recognized an implied stay in limited situations, there is no implied stay when this court denies a motion to stay voluntary departure. *Cf.* **Rife v. Ashcroft**, 374 F.3d 606, 616 (8th Cir. 2004) (construing a motion to stay removal as including a motion to stay voluntary departure when no actual motion to stay voluntary departure was filed).

Al Milaji now requests this court to grant him a new period of voluntary departure. This court has previously expressed "doubt whether we have the authority under IIRIRA to reinstate an agency grant of voluntary departure that has truly expired." **Rife**, 374 F.3d at 616, *citing* **Sviridov v. Ashcroft**, 358 F.3d 722, 731 (10th Cir. 2004); *see also* **Boudaguian v. Ashcroft**, 376 F.3d 825, 829 (8th Cir. 2004) (expressing "doubt" that the court can reinstate an expired period of voluntary departure). Even if this court has authority to reinstate a period of voluntary departure, Al Milaji offers no reason why he deserves the extreme remedy of reinstatement when this court previously denied his motion for a stay.

This court reinstated a grant of voluntary departure in *Aiyadurai v. INS*, 683 F.2d 1195, 1201 (8th Cir. 1982). After that case was decided, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996). IIRIRA limits judicial review of many of the Attorney General's discretionary orders. *See* **Reno v. American-Arab Anti-Discrimination Comm.***,* 525 U.S. 471, 486 (1999) ("*many* provisions of IIRIRA are aimed at protecting the Executive's discretion from the courts—indeed, that can fairly be said to be the theme of the legislation"). While IIRIRA does not expressly deny courts of appeals the power to reinstate orders of voluntary departure, it substantially

limits judicial review of voluntary departure orders. *See* **8 U.S.C. § 1229c(f)**. *Aiyadurai* does not control this case, given the intervening changes in the law. *See Jacobs v. Lockhart*, 9 F.3d 36, 37-38 (8th Cir. 1993) ("a prior holding may be departed from on the basis of obvious error or changed circumstances," if the court "explicitly identif[ies] the error or changed circumstances and explain[s] why a different result is justified"); *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 736 (1977) ("in the area of statutory construction . . . Congress is free to change this Court's interpretation of its legislation").

This court holds that it lacks authority to reinstate an expired period of voluntary departure. IIRIRA confers authority on the Attorney General, an executive branch official, to grant voluntary departure to aliens. *See* **8 U.S.C. § 1229c(a)(1)**. Immigration regulations extend the Attorney General's power to reinstate voluntary departure solely to executive branch officials. *See* **8 C.F.R. § 1240.26(f)**. Nothing in § 1229c confers authority on this court to reinstate an expired order of voluntary departure. *Accord* **Bocova v. Gonzales**, 412 F.3d 257, 266 (1st Cir. 2005); **Reynoso-Lopez v. Ashcroft**, 369 F.3d 275, 280 (3d Cir. 2004); **Ngarurih v. Ashcroft**, 371 F.3d 182, 195 (4th Cir. 2004); **Mullai v. Ashcroft**, 385 F.3d 635, 639-40 (6th Cir. 2004); **Zazueta-Carrillo v. Ashcroft**, 322 F.3d 1166, 1172 (9th Cir. 2003); *see also* **David S. Rubenstein, *Restoring the Quid Pro Quo of Voluntary Departure*, 44 Harv. J. on Legis. 1, 3 (2007)** ("Since Congress's enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ('IIRIRA') in 1996, all of the courts that have addressed the issue have held that no judicial authority exists to 'reinstate' — that is, to begin anew — an alien's departure period at the conclusion of a judicial appeal."). Lacking authority to reinstate voluntary departure, this court denies Al Milaji's request.

III.

The petition for review is denied.

_____