United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-60861
Summary Calendar

———

ANGELICA RESINOS-PEREZ

Petitioner

v.

ALBERTO R GONZALES, U S Attorney General

Respondent

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 78 274 814

———

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Angelica Resinos-Perez (Resinos)[**] petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming the denial of her motion to reopen her removal proceedings. Resinos, a native and citizen of Guatemala,

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Resinos states that her real name is Arely Melchor Lopez.

failed to appear for her removal hearing in August 2000 and was ordered removed in absentia. She filed a motion to reopen in 2005.

Resinos argues that she did not receive proper notice of the August 2000 hearing, that the immigration judge (IJ) should have considered whether she was eligible for equitable tolling and whether she had established exceptional circumstances for her failure to appear, that the IJ should have given specific reasons for not reopening her case sua sponte, and that the IJ should have reopened her case based on changed circumstances.

We review the denial of a motion to reopen "under a highly deferential abuse of discretion standard." Manzano-Garcia v. Gonzales, 413 F.3d 462, 469 (5th Cir. 2005). Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Resinos provided an address to the Immigration and Naturalization Service in March 2000. Later that month, notice of the August 2000 hearing was sent to Resinos at that address. Resinos's counsel now contends that Resinos did not receive notice of the hearing. As counsel's statement is not evidence, see INS v. Phinpathya, 464 U.S. 183, 188 n.6 (1984), Resinos has not submitted any evidence to support this contention. Accordingly, she has not established any error with respect to her alleged lack of proper notice. See United States v. Estrada-Trochez, 66 F.3d 733, 736 (5th Cir. 1995).

Resinos does not specifically identify any facts that support her assertion that she has established exceptional circumstances warranting reopening of her removal proceedings or the application of equitable tolling. To the extent that she contends that she was only 18-years old at the time she received her notice to appear, this does not establish such exceptional circumstances. See 8 U.S.C. § 1229a(e)(1); 8 C.F.R. § 236.3.

We lack jurisdiction to review Resinos's assertions that the IJ should have reopened the removal proceedings sua sponte and that the proceedings should

have been reopened due to changed circumstances because she did not exhaust her administrative remedies by raising these issues before the BIA.  See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Because Resinos has not established that the denial of her motion to reopen was an abuse of discretion, the petition for review is DENIED.