SUMMARY ORDER

Petitioner Paula Victoria Bravo-Si-fuentes, a native and citizen of Peru, seeks review of the November 30, 2007 order of the BIA denying her motion to reopen. In re Paula Victoria Bravo-Sifuentes, No. A75 807 928 (B.I.A. Nov. 30, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We find that the BIA did not abuse its discretion in denying Bravo-Sifuentes’s untimely motion to reopen based on the alleged ineffective assistance of her prior counsel.
The regulations provide that a party may file only one motion to reopen removal proceedings, and that such motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. 8 C.F.R. § 1003.2(c)(2). Here, it is clear that Bravo-Sifuentes’s June 2007 motion to reopen was filed more than 90 days after the BIA’s December 2006 decision dismissing her appeal as untimely.
It is well-established that the time and numerical limitations for motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel. See Iavorski v. INS, 232 F.3d 124, 135 (2d Cir.2000); Cekic v. INS, 435 F.3d 167, 171 (2d Cir.2006). However, to prevail on an ineffective assistance claim, the alien must comply with certain procedures laid out by the BIA in Matter of Lozada, 19 I. & N. Dec. 637 (1988).[2] See Twum v. INS, 411 *134 F.3d 54, 59 (2d Cir.2005). While we have “not required a slavish adherence to the [.Lozada ] requirements,” we have held “that substantial compliance is necessary,” so as to “deter meritless claims and to provide a basis for determining whether counsel’s assistance was in fact ineffective.” Yi Long Yang v. Gonzales, 478 F.3d 133, 142-43 (2d Cir.2007) (internal citations omitted). Here, the BIA properly relied on Bravo-Sifuentes’s failure to comply with two of the Lozada requirements in denying her motion to reopen.
First, Bravo-Sifuentes failed to “set[] forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard.” Lozada, 19 I. & N. Dec. at 639. As the BIA found, she failed to provide with her motion to reopen any objective evidence that either of her former attorneys represented her when her notice of appeal was due. See Twum, 411 F.3d at 59.
Second, Bravo-Sifuentes provided “no indication that either attorney has been notified of the allegations and provided an opportunity to respond,” in clear violation of the second Lozada requirement. See Lozada, 19 I. & N. Dec. at 639. The purpose of this requirement is to provide a “mechanism ... allowing former counsel, whose integrity or competence is being impugned, to present his version of events ... thereby discouraging baseless allegations.” Id. While Bravo-Sifuentes argues that she filed a complaint against prior counsel with the appropriate grievance committee, and “there is no indication that the disciplinary body ... did not forward the complaint to the attorneys,” her argument is without merit. It was her burden to demonstrate that the attorneys had the opportunity to respond to her allegations in compliance with the Lozada requirements, and she failed to do so. See Yi Long Yang, 478 F.3d at 142-43.
Because Bravo-Sifuentes failed to comply with two of the three Lozada requirements, the BIA’s denial of her motion to reopen as untimely was not an abuse of discretion. Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001). Moreover, because the BIA’s finding as to Bravo-Sifuentes’s failure to comply with such requirements is dispositive of her petition for review, see Jian Yun Zheng v. U.S. Dep’t of Justice, 409 F.3d 43, 46 (2d Cir.2005), we decline to review the BIA’s additional finding that Bravo-Sifuentes failed to establish that she diligently pursued her ineffective assistance of counsel claim.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. While the Attorney General replaced the Lozada requirements with a new set of documentary requirements in Matter of Compean, 24 I. & N. Dec. 710, 741 (A.G.2009), he explicitly held "that the Board and immigration judges should apply the new filing requirements only with respect to motions filed after [January 7, 2009].”