# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2426

_____

Alberto de Jesus Arias Lopez,              *
                                           *
                     Petitioner,           *
                                           *   Petition for Review of an
             v.                            *   Order of the Board of
                                           *   Immigration Appeals.
Eric H. Holder, Jr., Attorney              *
General of the United States,              *   [UNPUBLISHED]
                                           *
                     Respondent.           *

_____

Submitted: July 16, 2010
Filed: August 26, 2010

_____

Before MURPHY and SMITH, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

PER CURIAM.

Petitioner Alberto de Jesus Arias Lopez was subject to an in absentia removal order after he failed to appear at an immigration hearing. The Immigration Judge (IJ) denied his motion to reopen and the Board of Immigration Appeals (BIA) affirmed. Lopez petitions this court for review of the BIA's order. We deny the petition.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

I.

Lopez, a native and citizen of Guatemala, arrived in the United States in 1995 without being admitted or paroled after inspection by an immigration officer. See 8 U.S.C. § 1182(a)(6)(A)(i). On March 20, 2001, he filed an application for asylum, arguing that he was persecuted for his neutrality in a war between the Guatemalan army and guerilla factions. On June 21, 2004, the Department of Homeland Security (DHS) instigated removal proceedings against Lopez by serving him with a Notice to Appear. Lopez conceded removability but argued for asylum and withholding of removal. Attorney Harvey Erlich began to represent Lopez in April 2007.

Lopez's hearing on the merits of his claims was scheduled for July 24, 2007. When Lopez failed to appear, the IJ ordered him removed in absentia and deemed his pending asylum application abandoned. On July 26, 2007, Erlich filed a motion to reopen with the IJ in which he explained that he mistakenly thought the July 24 hearing was a status conference for which Lopez's presence was unnecessary.

The motion cited no caselaw and, as the IJ observed, read more like a personal letter. For example, the motion stated, "I believe that yesterday was the first time that I truly incurred Your Honors wrath, when I spontaneously interrupted Your Honor . . . . [I]t would seem unfair to punish [Lopez] for an ignorant mistake made by myself." The motion did not explicitly state that Erlich told Lopez his presence was not required at the July 24 hearing, and it contained no affidavits. Erlich did, however, attach a handwritten calendar note indicating that he believed Lopez's master hearing was set for October 9, 2007.

The IJ denied the motion to reopen, and the BIA affirmed by order of May 30, 2008. Still represented by Erlich, Lopez timely appealed to this court and moved for a stay of removal while his appeal was pending. He subsequently retained new counsel. Through new counsel Lopez also filed a second motion to reopen with the

BIA. We denied Lopez's motion for stay of removal by order of July 18, 2008. On August 14, 2008, DHS removed Lopez to Guatemala.

Unaware that Lopez had been deported, the BIA granted his second motion to reopen on September 30, 2008. Accordingly, Lopez moved this court to dismiss his petition for review since he had received the relief he sought, review by the BIA of his motion to reopen. The government had meanwhile moved the BIA to reconsider. By order of December 17, 2008, we held Lopez's motion to dismiss in abeyance pending the outcome of the government's motion for reconsideration and directed the parties to notify the clerk of this court when the BIA issued its ruling on the government's motion. We also removed this case from our January 2009 oral argument calendar.

On April 28, 2010, the BIA vacated its September 2008 order on the ground that Lopez's removal deprived it of jurisdiction. The parties agreed that we should proceed with our disposition of Lopez's petition and submitted supplemental briefs. This case has now been fully briefed and is ripe for disposition.

II.

We review the BIA's denial of Lopez's first motion to reopen[2] for an abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992). "[M]otions to reopen are disfavored because they undermine the government's legitimate interest in finality,

_____

[2]In his supplemental brief, Lopez seems to presume that this court has jurisdiction to review the BIA's April 2010 order denying his second motion to reopen as well as the attendant briefs and attachments. Since Lopez did not file a timely petition for review of the that order, this court lacks jurisdiction to review it and the accompanying materials which had not been presented to the BIA before it issued its May 2008 order. See 8 U.S.C. § 1252(b)(1); Al Milaji v. Mukasey, 551 F.3d 768, 773 (8th Cir. 2008). See also Patel v. Gonzales, 496 F.3d 829, 832 (7th Cir. 2007).

which is heightened in removal proceedings 'where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir. 2008) (quoting Doherty, 502 U.S. at 323). "The BIA abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." Id.

When an alien does not appear at his removal proceeding, he is subject to removal in absentia if the government establishes through clear and convincing evidence that he (a) was given proper written notice and (b) is removable. 8 U.S.C. § 1229a(b)(5)(A). An order of removal entered in absentia may be rescinded upon a motion to reopen within 180 days, however, if the alien can establish that his failure to appear was caused by "exceptional circumstances" that were "beyond the control of the alien." Id. §§ 1229a(b)(5)(C)(i), 1229a(e)(1).

Although we do not recognize a constitutional right to effective counsel in immigration proceedings, see Rafiyev v. Mukasey, 536 F.3d 853, 861 (8th Cir. 2008), ineffective assistance may qualify as an "exceptional circumstance" enabling the BIA to exercise its administrative discretion to reopen a proceeding. Habchy v. Gonzales, 471 F.3d 858, 862 (8th Cir. 2006).

An alien asserting that ineffective assistance amounted to an exceptional circumstance must however fulfill the procedural requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), aff'd sub nom. Lozada v. INS, 857 F.2d 10 (1st Cir. 1988). See Habchy, 471 F.3d at 862; see also Ochoa v. Holder, 604 F.3d 546, 548 n.1 (8th Cir. 2010) (Lozada is "our substantive and procedural compass" in assessing ineffective assistance claims in immigration proceedings). The alien must (a) "support his claim with an affidavit alleging facts relevant to the ineffective

-4-

assistance[,]"[3] (b) "inform the former counsel of the allegation and give her an opportunity to respond[,]" and (c) show that he has either filed a complaint with the appropriate disciplinary authority regarding representation (i.e. the state bar association) or explain why he has not done so. Habchy, 471 F.3d at 862 (citing Lozada, 19 I. & N. at 639).

The absence of an affidavit attesting to the facts relevant to the ineffective assistance allegation, the first Lozada requirement, is fatal to Lopez's claim. Besides a single page of a calendar, to which the authenticity and relevance was not properly attested, Lopez's argument rests on bare assertions in the briefs which are entitled to no evidentiary weight. See INS v. Phinoathva, 464 U.S. 183 (1984); see also Resino-Perez v. Gonzales, 245 Fed. Appx. 362, 364 (5th Cir. 2007) (unpublished) (counsel's argument not evidence of "exceptional circumstance" in support of motion to reopen); Patel, 496 F.3d at 831 (same).

Some courts have permitted substantial compliance rather than strict adherence to the Lozada requirements if its policy goal of discouraging meritless claims has been met. See, e.g., Yang v. Gonzales, 478 F.3d 133, 142-43 (2d Cir. 2007); Lo v. Ashcroft, 341 F.3d 934, 938 (9th Cir. 2003). See also Habchy, 471 F.3d at 863 (describing as "reasonable" the argument that Lozada should not be applied "mechanistically"). In contrast to his case, the cases upon which Lopez relies in which formal compliance with Lozada was excused involved claims supported by proper evidence. See, e.g., Lo, 341 F.3d at 938; Rodriguez-Lariz v. INS, 282 F.3d 1218,

---

[3]Lopez mischaracterizes this requirement as only necessitating proof that the attorney agreed to represent the alien. In Lozada, the claim of ineffective assistance turned on whether the attorney had agreed to submit a brief on appeal. Accordingly, the "relevant facts" that the BIA required in the alien's affidavit were details about the terms of representation. Lozada, 19 I. & N. at 639. Lopez's ineffective assistance claim, however, rests on whether his attorney mistakenly advised him that his presence was unnecessary during the July 24, 2007 master hearing.

1227 (9th Cir. 2002). See also Reyes v. Ashcroft, 358 F.3d 592, 597 (9th Cir. 2004) (upholding denial of motion to reopen where petitioner had not submitted an affidavit and holding that "[t]here are compelling policy reasons to maintain a strong affidavit prerequisite when motions to reopen attempt to raise genuine questions of fact"); Castillo-Perez v. INS, 212 F.3d 518, 526 (9th Cir. 2000) (excusing failure to submit affidavit where hearing transcript and other record evidence clearly showed ineffectiveness).

Moreover, Lopez complied with at most one out of three Lozada requirements. Lopez arguably fulfilled the second Lozada requirement of informing counsel of the allegations against him and allowing him a chance to respond because Erlich made the allegation of ineffectiveness against himself. Both the motion to reopen and the BIA brief, however, lacked not only an affidavit but also information about whether Lopez had filed a complaint against Erlich or why he chose not to do so. Cf. Georcely v. Ashcroft, 375 F.3d 45, 51 (1st Cir. 2004) ("[I]n the absence of a complaint to the bar authorities, counsel may have all too obvious an incentive to help his client disparage the quality of the representation."). Although we need not reach the issue here, it is questionable that fulfilling only one requirement could constitute substantial compliance. See Patel, 496 F.3d at 831; see also Bravo-Sifuentes v. Holder, 324 Fed.Appx. 132, 134 (2d Cir. 2009) (unpublished).

Lopez also argues that his attorney's failure to comply with the Lozada requirements is itself evidence of his attorney's ineffective assistance, but he cites no case in which a court concluded that the failure to submit a proper motion to reopen on the basis of ineffectiveness could provide an independent basis for reopening where none other existed. To the contrary, "review on the merits [of an ineffective assistance claim] may be conditioned on substantial compliance with the reasonable requirements set forth in Lozada." Zheng v. U.S. Dep't of Justice, 409 F.3d 43, 46-47 (2d Cir. 2005) (citing cases).

Given the applicable laws, we cannot conclude that the BIA abused its discretion in these circumstances. <u>See</u> <u>Ghosh v. Attorney Gen.</u>, 629 F.2d 987, 989 (4th Cir. 1980) ("It is not an abuse of discretion to deny a motion to reopen deportation proceedings when the motion is not supported by proper affidavits or other evidentiary material.").

## III.

Accordingly, Lopez's petition for review is denied. We deny as moot his motion to dismiss.

_____