# Matter of S-A-K- and H-A-H-, Respondents

*Decided as amended March 5, 2008*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A mother and daughter from Somalia who provided sufficient evidence of past persecution in the form of female genital mutilation with aggravated circumstances are eligible for a grant of asylum based on humanitarian grounds pursuant to 8 C.F.R § 1208.13(b)(1)(iii)(A) (2007), regardless of whether they can establish a well-founded fear of future persecution. *Matter of Chen*, 20 I&N Dec. 16 (BIA 1989), followed.

FOR RESPONDENTS: Anne E. Doebler, Esquire, Buffalo, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Steven J. Connelly, Assistant Chief Counsel

BEFORE: Board Panel: COLE and PAULEY, Board Members; C.M. GRANT, Temporary Board Member.

PAULEY, Board Member:

In a decision dated January 24, 2007, an Immigration Judge found the respondents, a mother and daughter from Somalia, removable as charged and denied their applications for asylum, withholding of removal, and for protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The respondents' appeal will be sustained.

---

[1] On our own motion, we amend the July 27, 2007, order in this case. That order was issued prior to *Matter of A-T-*, 24 I&N Dec. 296 (BIA 2007). However, nothing in *Matter of A-T-* precludes the result reached herein. *See id.* at 298, 302 (noting the availability of a grant of humanitarian asylum where an alien is not ineligible for asylum relief, as in that case). This amended order makes editorial changes consistent with our designation of the case as a precedent.

We are not convinced that the Immigration Judge's adverse credibility determination should be upheld. We decline to address this issue further, however, inasmuch as we find adequate evidence that the respondents were truthful about their circumcisions and the pain this procedure caused them. *See Abankwah v. INS*, 185 F.3d 18 (2d Cir. 1999). Both respondents provided medical documents, which, despite some aspects that caused the Immigration Judge to doubt their authenticity, were not rendered completely unreliable merely because the doctor writing them included case information with his medical diagnosis. This evidence, along with the respondents' testimony about their subjection to female genital mutilation, is sufficient to find that both respondents suffered past persecution on account of membership in a particular social group. *See Mohammed v. Gonzales*, 400 F.3d 785, 796-98 (9th Cir. 2005) (finding past persecution for a female alien who had been circumcised); *Abankwah v. INS*, *supra*; *Matter of Kasinga*, 21 I&N Dec. 357, 367 (BIA 1996).

The daughter in this case testified that she was forcibly circumcised by women brought home by her father when she was 9 years old, in a procedure similar to that suffered by her mother. The procedure was done without anesthesia and, although she recovered after 2 weeks, she has continued to have difficulty urinating and has been unable to menstruate. The aggravated nature of the procedure performed on the daughter is also apparent in that, because her vaginal opening was sewn shut with a thorn, the man she was given to in marriage, who ultimately raped her, could not penetrate her for sexual intercourse. He was only able to rape her by cutting her open, causing her to bleed for many days.

The mother, who is the lead respondent, likewise testified that she suffered great pain following her forced circumcision, particularly during child birth, and that she almost died during the actual procedure because of infection. During her earlier pregnancies, her vaginal opening was sewn shut after being opened to allow for sexual intercourse and child birth. She was sewn shut approximately five times, and two of her children died during childbirth. Of her six daughters, the three oldest have been circumcised, and she was beaten for opposing the procedure.

In light of this evidence, we decline to address the Immigration Judge's finding that any well-founded fear of persecution has been rebutted. We focus only on what we find to be material error in his decision, i.e., the denial of relief based on humanitarian grounds. *See Matter of Chen*, 20 I&N Dec. 16 (BIA 1989); 8 C.F.R. § 1208.13(b)(1)(iii)(A) (2007). Whether or not the respondents have established a fear of further harm based on their membership in a particular social group, we find that, like the respondent in *Matter of Chen*, *supra*, they have suffered an atrocious form of persecution that results in continuing physical pain and discomfort, and we conclude that they should

not be expected to return to Somalia.  We further find no discretionary grounds on which to deny them asylum.  Accordingly, the respondents' appeal will be sustained.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  Pursuant to 8 C.F.R. § 1003.1(d)(6) (2007), the record is remanded to the Immigration Judge for the purpose of allowing the Department of Homeland Security the opportunity to complete or update identity, law enforcement, or security investigations or examinations, and further proceedings, if necessary, and for the entry of an order as provided by 8 C.F.R. § 1003.47(h) (2007).  *See* Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed. Reg. 4743, 4752-54 (Jan. 31, 2005).