# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2025

_____

Spiro Lybesha; Erilda Demo; Ersa    *
Lybesha,    *
   *
       Petitioners,    *
   * On Petition for Review of an
     v.    * Order of the Board of
   * Immigration Appeals.
Eric H. Holder, Jr.,[1] Attorney General    *
of the United States,    *
   *
       Respondent.    *

_____

Submitted: May 12, 2009
Filed: June 26, 2009

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Petitioners Spiro Lybesha, his wife Erilda Demo, and their daughter Ersa Lybesha, natives and citizens of Albania, sought asylum, withholding of removal and protection under the Convention against Torture (CAT). The Immigration Judge (IJ)

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for Michael B. Mukasey as Respondent.

denied all three claims and was affirmed by the Board of Immigration Appeals (BIA). Petitioners seek review, arguing that the IJ and the BIA erred in denying the relief they seek. We deny the petition.

Petitioners entered the United States from Albania on April 17, 2000 as nonimmigrant visitors authorized to stay until October 16, 2000. On September 4, 2001 petitioners filed an application for asylum, withholding of removal and protection under CAT. The Department of Homeland Security (DHS) charged petitioners as removable under 8 U.S.C. § 1227(a)(1)(B) for staying in the country beyond the time allowed. Petitioners conceded removability.

Petitioners sought relief from removal based on Spiro Lybesha's membership and past participation in the Democratic Party of Albania. Before the IJ, Lybesha asserted that between May 1996 and April 1997 he was beaten for taking part in a Democratic Party demonstration, he was stabbed and hospitalized for promoting a Democratic Party candidate, and his home and vehicle were bombed. Lybesha further testified that in April 2000 his wife's grandfather was shot and killed. Lybesha believed the murder to be related to his political activities, prompting petitioners to leave Albania for the United States. Lybesha testified that if he returned to Albania, he and his family would be persecuted for his involvement in the Democratic Party. The IJ also heard testimony from Lybesha's wife and brother in law.

The IJ found petitioners statutorily ineligible for asylum because they had not applied within one year of arrival in the United States and failed to demonstrate changed or extraordinary circumstances sufficient to excuse the untimely application. The IJ further determined that even had petitioners timely filed their application, they failed to meet their burden of proof on the merits because of a lack of credibility. The IJ also noted that country conditions in Albania had changed such that petitioners' fear of future persecution was not well founded. The adverse credibility findings coupled with the changed country conditions formed the basis of the IJ's denial of petitioners'

-2-

claims for withholding of removal and protection under CAT. On appeal, the BIA affirmed the IJ's decision in its entirety. Petitioners filed a timely petition for review arguing that the denial of their application for asylum, withholding of removal, and protection under CAT was flawed in several respects.

Petitioners argue that the IJ and the BIA erred in finding them ineligible for asylum. The IJ and the BIA determined petitioners had failed to request asylum within the one year time limit and had not demonstrated changed or extraordinary circumstances sufficient to excuse the untimely application. See 8 U.S.C. § 1158(a)(2). As petitioners recognize, 8 U.S.C. § 1158(a)(3) precludes judicial review of these determinations. Bejet-Viali Al-Jojo v. Gonzales, 424 F.3d 823, 826-27 (8th Cir. 2005). This jurisdictional bar does not preclude judicial review of constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); Manani v. Filip, 552 F.3d 894, 900 (8th Cir. 2009). Petitioners assert that this exception applies here.

To determine whether an alien has raised a constitutional claim or question of law, we look to the nature of the argument advanced in the petition. Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir. 2007). Petitioners argue that a combination of several circumstances—including their inability to speak English, lack of knowledge as to the asylum process, and fear of leaving their home—are sufficient to excuse the failure to timely request asylum. This argument does not present a constitutional claim or question of law, but rather a dispute with the BIA's factual determination that petitioners have not demonstrated sufficient changed or extraordinary circumstances. Id.; Yakovenko v. Gonzales, 477 F.3d 631, 635-36 (8th Cir. 2007). Accordingly, we dismiss petitioners' asylum claim for lack of jurisdiction.

Petitioners appeal the denial of their claims for withholding of removal and protection under CAT first on the ground that the IJ erred in its adverse credibility findings. An IJ's findings of fact, including findings on credibility, are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."

Rafiyev v. Mukasey, 536 F.3d 853, 856 (8th Cir. 2008). Credibility findings are specifically entitled to great weight because the IJ sees the witnesses testify and is in the best position to assess credibility. Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006). We defer to an IJ's credibility finding if the finding is supported by "a specific, cogent reason for disbelief." Al Milaji v. Mukasey, 551 F.3d 768, 772 (8th Cir. 2008).

The IJ's adverse credibility determinations were supported by several inconsistencies related to: Lybesha's May 1996 beating, his June 1996 stabbing, the bombing of his home and car, and his family's departure from Albania. Petitioners' statements in support of asylum, witness testimony, and the statements of other family members differed as to the dates, circumstances, and extent of those events. The inconsistencies involve key issues of petitioners' claims for relief, and provide substantial evidence to support the adverse credibility findings by the IJ and the affirmance by the BIA. Guled v. Mukasey, 515 F.3d 872, 880-81 (8th Cir. 2008). While petitioners attempted to reconcile those inconsistencies, the IJ was permitted to and indeed did reject their explanations. Onsongo v. Gonzales, 457 F.3d 849, 853 (8th Cir. 2006). Because petitioners' withholding of removal and CAT claims are based on the same inconsistent testimony, the adverse credibility findings are fatal to both claims. Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008).

Even if petitioners had been deemed credible, they would not be entitled to relief. The IJ and the BIA determined that country conditions in Albania have changed such that petitioners would no longer have a well founded fear of persecution upon return to the country. Petitioners' claims for relief were based upon past persecution by Socialist Party members provoked by Lybesha's membership and participation in the Democratic Party of Albania. On appeal, the BIA recognized that the Democratic Party now controls the Presidency, the Prime Ministership, and the Parliament. As the Democratic Party is in control of the Albanian government,

petitioners were unable to meet their burden of establishing the well founded fear of persecution required for withholding of removal and CAT claims.

Petitioners also assert a due process claim based on the IJ's acceptance of a DHS Forensic Document Laboratory report following the deadline for submission of all evidence and following the conclusion of the merits hearing. The traditional rules of evidence do not apply in immigration proceedings, except to the extent that due process is implicated. Tun v. Gonzales, 485 F.3d 1014, 1025-26 (8th Cir. 2007). To comport with the requirements of due process in the context of immigration proceedings, evidence must be probative and its admission must be fundamentally fair. Nyama v. Ashcroft, 357 F.3d 812, 816 (8th Cir. 2004). Petitioners were provided an opportunity to respond to the DHS's submission of the report, and indeed submitted a written objection to the admission of the evidence. Following admission of the report, there is no indication that petitioners were prevented from submitting evidence to refute the report.

To prevail on a claim alleging a violation of due process, petitioners must make a showing of prejudice. Shoaira v. Ashcroft, 377 F.3d 837, 843 (8th Cir. 2004). This requires petitioners to demonstrate that the complained of defects in the proceedings may well have resulted in removal that would not otherwise have occurred. Tun, 485 F.3d at 1026. As the BIA correctly observed, petitioners have not made any showing that the DHS report was relied on by the IJ in deciding their case let alone that its admission affected the outcome of their application for relief. The DHS report was probative, its admission was fundamentally fair, and petitioners have not demonstrated that it prejudiced the outcome of the matter. Petitioners have not made any showing that admission of the DHS report violated their due process rights.

Finally, petitioners contend that the combination of the above alleged errors demonstrate the IJ's bias, which prevented them from receiving a full and fair hearing.

Petitioners did not raise any allegation of bias in their appeal, however. By not raising this issue before the BIA they failed to exhaust their administrative remedies and deprived this court of jurisdiction over this claim. Sultani v. Gonzales, 455 F.3d 878, 884 (8th Cir. 2006).[2]

For the foregoing reasons, we deny the petition for review.

_____

[2]Even if petitioners had included this issue in their appeal to the BIA, the claim is without merit. The record does not reflect bias on the IJ's part, and petitioners have not provided any examples of bias they allege in prior cases before that judge.