07-5704-ag
Barry v. Holder

BIA
Schoppert, IJ
A095 866 905

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:

> RALPH K. WINTER,
> PIERRE N. LEVAL,
> REENA RAGGI,
> *Circuit Judges*.

-----------------------------------------

MARIAMA BOBO BARRY,
> *Petitioner*,

v.                                    07-5704-ag
                                      NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

-----------------------------------------

FOR PETITIONER:        O. Andrew F. Wilson, Emery Celli
                       Brinckerhoff & Abady LLP, New York,
                       NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:     Michael F. Hertz, Acting Assistant
                    Attorney General; Terri J. Scadron,
                    Assistant Director; Greg D. Mack,
                    Office of Immigration Litigation,
                    United States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED, in part, and GRANTED, in part.

Mariama Bobo Barry, a native and citizen of Guinea, seeks review of a November 26, 2007 order of the BIA affirming the September 1, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mariama Bobo Barry*, No. A095 866 905 (B.I.A. Nov. 26, 2007), *aff'g* No. A095 866 905 (Immig. Ct. N.Y. City Sep. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

2

## I. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or that neither changed nor extraordinary circumstances excused the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Barry asserts that this Court has jurisdiction to review her claim that the "BIA applied the wrong legal standard to the one-year filing deadline analysis." Pet'r's Br. at 30. We agree. When "a petitioner argues that the agency applied an erroneous legal standard in making a discretionary determination, the petitioner raises a question of law." *Ilyas Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007); *see also id.* (explaining that this Court's "analysis of whether a petition presents reviewable claims focuses on the nature of the claims raised and not on the merits of those claims"); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006). Nevertheless, Barry's standard challenge is without merit.

3

An applicant for asylum must file her application within one year of arriving in the United States unless: (i) the applicant's filing delay is reasonable; and (ii) there are extraordinary circumstances "relating to the delay in the filing an application within" the one-year period that were not intentionally created by the alien. 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 1208.4(a); *Matter of Y-C-*, 23 I. & N. Dec. 286, 288 (BIA 2002). Barry argues that the BIA applied the wrong legal standard by requiring, in effect, that she demonstrate that her Post Traumatic Stress Disorder ("PTSD") *prevented* her from filing a timely application, rather than requiring a showing that her PTSD was *related* to her failure to timely file her application. We are not persuaded. While the BIA decision does not describe the applicable legal standard as precisely as one might wish, the Board expressly stated that the evidence failed to show that Barry's condition "had a direct relation to her failure to file her asylum application in a timely manner" and declined to speculate that such a relation existed. *In re Mariama Bobo Barry*, No. A095 866 905, slip op. at 1. Accordingly, we conclude that the board applied the correct legal standard.

4

## II. Withholding of Removal

Nonetheless, upon the Government's request, we remand the case to the BIA in order for it to consider Barry's withholding of removal claim. As the Government observes, the analysis the agency applied in denying that claim has since been squarely rejected by both this Court and the BIA itself. *Salimatou Bah*, 529 F.3d at 109-11; *Matter of S-A-K & H-A-H-*, 24 I. & N. Dec. 464 (BIA 2008); *Matter of A-T-*, 25 I. & N. Dec. 4 (BIA 2009).[2]

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part. The case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Barry does not challenge the agency's denial of her application for CAT relief.

5