# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1612

_____

Leonard Sholla,                    *
                                   *
            Petitioner,            *
                                   *   Petition for Review of
       v.                          *   an Order of the Board
                                   *   of Immigration Appeals.
Eric H. Holder, Jr.,               *
                                   *   [UNPUBLISHED]
            Respondent.            *

_____

Submitted: October 7, 2010
Filed: October 15, 2010

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Albanian citizen Leonard Sholla petitions for review of an order of the Board of Immigration Appeals (BIA) denying asylum on humanitarian grounds, and affirming an immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We grant the petition and remand for further proceedings.

In 2001 Sholla applied for asylum, asserting that he had been persecuted in Albania because of his anti-communist political views and his involvement with the Democratic Party. An IJ denied asylum and related relief, and the BIA affirmed. In July 2007 this court granted Sholla's petition for review, and remanded the case to the

BIA because Sholla had established past persecution on account of political opinion and was thus entitled to a rebuttable presumption of a well-founded fear of future persecution. See Sholla v. Gonzales, 492 F.3d 946, 951-53 (8th Cir. 2007). On remand, the government submitted the 2007 Country Report on Human Rights Practices in Albania (2007 Country Report). Sholla submitted a 2008 report from the Albanian Human Rights Group, and he testified at a July 2008 hearing regarding his fear of returning to Albania.

Sholla requested that--if he was found not to have a well-founded fear of persecution because of changed country conditions--the IJ consider granting him humanitarian asylum, and in support he proffered his affidavit, a prescription for medications he was taking, and two BIA cases granting humanitarian asylum: Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989), and Matter of S-A-K-, 24 I. & N. Dec. 464 (BIA 2008). The IJ refused Sholla's request to present evidence regarding humanitarian relief.

In a July 2008 decision, the IJ denied asylum, withholding of removal, and CAT relief, finding that there was no new source of fear of persecution, and that the 2007 Country Report was persuasive evidence of improved country conditions sufficient to rebut the presumption of a well-founded fear of persecution. Sholla appealed to the BIA, but in February 2010 the BIA dismissed the appeal. The BIA found that the IJ's decision was based on the evidence of record as well as case law which discussed similar political asylum claims from Albanian nationals. As to humanitarian relief, the BIA found that the record did not support "a finding that [Sholla] suffered an atrocious form of persecution which results in continuing pain similar to that found in cases where asylum has been granted despite no finding of future persecution [such as Matter of S-A-K- and Matter of Chen]."

We review the BIA's decision as the final agency action, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA. See

Lovan v. Holder, 574 F.3d 990, 993 (8th Cir. 2009). Because Sholla established past persecution, he was presumed to have a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b) (analytical framework for analyzing asylum claim). The IJ concluded, however, that the government rebutted that presumption based on country-condition changes described in the 2007 Country Report, such that Sholla no longer had a well-founded fear of persecution. We conclude substantial evidence supports the IJ's finding because the 2007 Country Report indicated, inter alia, that Albania was a parliamentary democracy; that the government generally respected the human rights of its citizens; that local elections were held nationwide in February, and in July a new president was selected by parliament in an orderly transfer of power; that political parties operated without restriction or interference, and individuals could criticize the government without fear of punishment; and that there were no reports of political prisoners, politically motivated disappearances, or (unlike previous years) police abuse of protestors. See Gitimu v. Holder, 581 F.3d 769, 772 (8th Cir. 2009) (standard of review); Uli v. Mukasey, 533 F.3d 950, 957 (8th Cir. 2008) (Country Reports can support factual finding of changed conditions to rebut presumption of well-founded fear of persecution); cf. Lybesha v. Holder, 569 F.3d 877, 881-82 (8th Cir. 2009) (Albanian petitioners did not meet their burden of establishing well-founded fear of persecution because Democratic Party now controlled Albanian government).

However, even if the government rebuts the presumption of a well-founded fear of persecution with evidence of changed country conditions, humanitarian asylum may be granted if the alien "has demonstrated compelling reasons for being unwilling or unable to return . . . arising out of the severity of the past persecution" or if the alien establishes a reasonable possibility of "other serious harm" upon removal. See 8 C.F.R. § 208.13(b)(1)(iii). The denial of humanitarian asylum is reviewed under an abuse-of-discretion standard. See Mambwe v. Holder, 572 F.3d 540, 550 (8th Cir. 2009); see also Clifton v. Holder, 598 F.3d 486, 490-91 (8th Cir. 2010) (BIA abuses its discretion if its decision lacks rational explanation, ignores relevant factors, departs

from established policies, invidiously discriminates against particular race or group, or distorts important aspects of claim).

Here, the IJ refused to consider any evidence relating to humanitarian asylum, and he did not discuss humanitarian asylum as a basis for relief in his opinion. Nevertheless, the BIA addressed the humanitarian asylum claim, concluding a remand was not warranted because the record did not support a finding that Sholla suffered "an atrocious form of persecution which results in continuing pain." We remand to the BIA because the BIA's summary denial leaves us in doubt as to whether the BIA considered all the relevant factors in addressing humanitarian asylum. See Hernandez v. Holder, 579 F.3d 864, 973-76 (8th Cir. 2009) (remanding where IJ did not address humanitarian asylum claim and BIA denied claim--stating there was no legitimate comparison between facts of case and facts in other cases where grant of humanitarian asylum was appropriate--because BIA's denial was vague and left court unsure as to precise basis for denial), vacated in part, 606 F.3d 900 (8th Cir. 2010); see also Abrha v. Gonzales, 433 F.3d 1072, 1076 (8th Cir. 2006) (relevant factors for humanitarian asylum include degree of harm suffered, length of time over which harm was inflicted, and evidence of psychological trauma resulting from the harm); Brucaj v. Ashcroft, 381 F.3d 602, 609 (7th Cir. 2004) (in addition to severe harm and long-lasting effects, BIA also considers variety of discretionary factors, including age, health, and family ties). Furthermore, the BIA should not have ruled on the humanitarian asylum claim without the benefit of a fully developed record.[1]

Accordingly, we grant Sholla's petition for review and we remand to the BIA for further proceedings consistent with this opinion.

---

[1]On remand, the parties should be allowed to supplement the record.