*Martinez-Segova v. Sessions*
BIA
Wright, IJ
A206 808 173/174

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of August, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MARIA MELIDA MARTINEZ-SEGOVA,
EMELY MARIAN SEGOVA-MARTINEZ,

> *Petitioners,*

> v.                                              16-955
>                                                 NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONERS:          Caitlin Miner-Le Grand, Jennifer H. Kim, City Bar Justice Center, New York, NY.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Petitioners Maria Melida Martinez-Segova and Emely Marian Segova-Martinez, natives and citizens of El Salvador, seek review of a March 18, 2016, decision of the BIA, affirming an October 5, 2015, decision of an Immigration Judge ("IJ") denying Martinez-Segova's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Melida Martinez-Segova, Emely Marian Segova-Martinez*, Nos. A206 808 173/174 (B.I.A. Mar. 18, 2016), *aff'g* Nos. A206 808 173/174 (Immig. Ct. N.Y. City Oct. 5, 2015). We assume the parties' familiarity with the underlying facts

and procedural history in this case, to which we refer only as necessary to explain our decision.

We, following the BIA, assume the credibility of the asylum applicant and that the applicant suffered past harm rising to the level of persecution on account of her membership in a particular social group, and we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also* 8 U.S.C. § 1101(a)(42). Accordingly, we address only the ground the BIA relied on: that Martinez-Segova failed to establish that the Salvadoran government was unable or unwilling to protect her.

We conclude that the agency failed to sufficiently consider the country conditions evidence in analyzing whether Martinez-Segova demonstrated that the Salvadoran government was unable or unwilling to protect her from her husband. The BIA relied heavily on the fact that Martinez-Segova failed to report her husband's violation of the protective order to the police. The agency's decision in this regard was flawed. Where, as here, "the IJ and BIA ignored ample record evidence tending to show that" authorities are unwilling and unable to protect against persecution, we need not decide "whether [a

3

petitioner's] unwillingness to confront the police is fatal to [her] asylum claim." *Pan v. Holder*, 777 F.3d 540, 544-45 (2d Cir. 2015); *see also Aliyev v. Mukasey*, 549 F.3d 111, 118 (2d Cir. 2008) (declining to determine "precisely *what* a person must show in order for the government to be deemed responsible for the conduct of private actors" where petitioner "introduced enough evidence to forge the link between private conduct and public responsibility" (emphasis added)).

Although the agency does not have to parse each individual piece of evidence, *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007), there is no indication that the agency considered the ample record evidence of the Salvadoran government's inability to combat domestic violence—a phenomenon that the U.S. State Department deems one of El Salvador's "principal human rights problems" for which its efforts to ameliorate the problem are "minimally effective." A declaration from an human rights attorney and expert on gender issues in El Salvador reveals that orders of protection, while difficult to procure, "do little to protect victims from further violence because judges often draft them inadequately and law enforcement officials neglect or refuse to enforce them" and "are little

4

more than pieces of paper affording no more protection than the victims had prior to the legal process." Where orders of protection are issued, the onus is on the government to ensure compliance; for example, judges are required to appoint an independent team to monitor compliance with orders of protection and that inadequate follow up "frequently renders victims of domestic violence virtually helpless to enforce their rights." There is no indication that that judge did this in Martinez-Segova's case. Moreover, the order of protection prohibited Martinez-Segova's husband from "harassing, stalking, [and] intimidating" her, but her husband nonetheless violated the order with impunity by showing up to her place of work, kissing and grabbing her and begging her to return.

Because the agency's conclusion—that Martinez-Segova failed to establish that the Salvadoran government was unable or unwilling to protect her from her husband because she had been able to obtain a protective order—is in tension with the record evidence demonstrating that such orders are largely ineffective, we grant the petition and remand for consideration of this evidence. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of

5

IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

Because remand is warranted for the agency to consider whether Martinez-Segova established past persecution, we decline to reach its humanitarian asylum ruling at this time. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Moreover, the BIA did not address the IJ's conclusion that the Government rebutted Martinez-Segova's well-founded fear of persecution, and that determination generally precedes an analysis on whether humanitarian asylum is warranted. *See* 8 C.F.R. § 1208.13(b)(1)(B)(iii) (humanitarian asylum is generally considered "*in the absence of* a well-founded fear of persecution").

For the foregoing reasons, we GRANT the petition for review, VACATE the BIA's order, and REMAND the case to the BIA for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6