M.M.M. v. Barr

BIA
Wright, IJ
A206 808 173/174

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty.

PRESENT:
      JOSEPH F. BIANCO,
      WILLIAM J. NARDINI,
          *Circuit Judges.*\*

_____

M.M.M., E.M.S.,
      *Petitioners,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*[1]

18-273
NAC

_____

---

\* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable, and the petition is being adjudicated by the two available members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

[1] The Clerk of Court is directed to amend the caption as indicated above.

| FOR PETITIONERS: | Richard Mancino, Shaimaa M. Hussein, Elizabeth L. Dunn, Matthew R. Dollan, Willkie Farr & Gallagher LLP, New York, NY; Jennifer H. Kim, Caitlin Miner-Le Grand, City Bar Justice Center, New York, NY. |
|---|---|
| FOR RESPONDENT: | Jeffrey Bossert Clark, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioners[2] M.M.M. and E.M.S., natives and citizens of El Salvador, seek review of a January 23, 2018, decision of the BIA affirming an October 5, 2015, decision of an Immigration Judge ("IJ") denying M.M.M.'s application for asylum and withholding of removal.[3] *In re M.M.M. and E.M.S.*, Nos. A206 808 173/174 (B.I.A. Jan. 23, 2018), *aff'g* No. A206 808 173/174 (Immig. Ct. N.Y. City Oct. 5, 2015). We assume the parties' familiarity with the underlying facts and

---

[2] We grant the unopposed motion to abbreviate petitioners' names pursuant to Second Circuit Local Rule 27.1(j).

[3] We do not review M.M.M.'s claim for relief under the Convention Against Torture, a legally distinct claim which she waived by failing to argue it in her opening brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

procedural history.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, that is, minus the grounds that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We therefore review only (1) the agency's conclusion that M.M.M. failed to establish that her past persecution was on account of her membership in a particular social group, and (2) the agency's denial of humanitarian asylum.[4] The applicable standards of review are well established. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing questions of law de novo and findings of fact for substantial evidence). We treat administrative findings of fact as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Under this deferential standard, we uphold the agency's decision. The IJ found that M.M.M. suffered from severe

---

[4] In a previous decision, the BIA denied M.M.M.'s petition for lack of evidence that the Salvadoran government was unwilling or unable to protect her. This Court remanded to the BIA for further consideration of country conditions evidence. 696 F. App'x 12 (2d Cir. 2017). The BIA denied relief on the independent ground that M.M.M. failed to establish past persecution, so we do not here consider the question of whether El Salvador is able or willing to protect her.

domestic violence over a prolonged period, enduring "fifteen years of continued abuse" that rose to the level of persecution. Certified Administrative Record ("CAR") at 98. But the IJ and the BIA determined that this persecution was not on account of M.M.M.'s membership in the group of "Salvadoran women in a domestic relationship who are unable to leave,"[5] because she *was* able to leave. CAR at 3, 99. The IJ noted M.M.M.'s testimony that she left her husband in December 2005 after he abused her and her son, moving out to live elsewhere. In 2006, she filed a complaint with the police and enlisted the Salvadoran court system to obtain custody of her children and an order of protection against her husband. Despite her husband's harassment of her at her workplace, she did not return to live with him, and he never physically or sexually assaulted her thereafter. M.M.M.'s husband moved to the United States in 2006 and it does not appear that he has

---

[5] At the time petitioners applied for asylum, "married women . . . who are unable to leave their relationship" could establish membership in a particular social group based on their individual circumstances. *Matter of A-R-C-G-*, 26 I. & N. Dec. 388, 389 (B.I.A. 2014). The Attorney General has since overturned *Matter of A-R-C-G-* and held that "[g]enerally, claims by aliens pertaining to domestic violence or gang violence perpetrated by non-governmental actors will not qualify for asylum." *Matter of A-B-*, 27 I. & N. Dec. 316, 320 (A.G. 2018). We limit our review to the reasons given by the BIA under the regulations then in effect. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007).

returned to El Salvador since.

The IJ concluded that M.M.M. "was able to leave the abusive relationship" and therefore "she did not establish that she was persecuted on account of her membership in a particular social group." CAR at 99. The BIA affirmed on this basis, finding that M.M.M. "was able to leave her husband." CAR at 4. Thus, the BIA found that she also failed to establish her membership in her second proposed social group: Salvadoran women who are viewed as property by virtue of their position in a domestic relationship. The BIA concluded that because M.M.M. was able to leave her husband, she was "no longer in a 'domestic relationship' with him," and therefore could not be viewed as his property.[6] CAR at 4.

There is no clear error in the agency's factual determination that M.M.M. was able to leave her husband, "based on the particular facts and evidence" of her claim, and so substantial evidence supports its overall determination that she falls outside the class of women unable to leave an abusive relationship. *See Matter of A-R-C-G-*, 26

---

[6] Because M.M.M. did not establish past persecution on account of a protected ground, the BIA did not apply the presumption that M.M.M. had a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

I. & N. Dec. at 395. M.M.M. testified that she left her husband for good in December 2005. Through the Salvadoran courts, she obtained custody of her children and a protective order, and then lived apart from her husband. She reported that he moved to the United States shortly thereafter in 2006. Although M.M.M. claims that her husband harassed her in the period before he left for the United States, she did not report any subsequent persecution after leaving her husband, and she has remained apart from him ever since. It was approximately eight years later, in 2014, when she came to the United States and eventually sought asylum.

Similar evidence supports the agency's rejection of M.M.M.'s membership in a second proposed social group. The BIA's denial of this claim follows from the recognition that M.M.M.'s exit from her domestic relationship and beginning of her new life was inconsistent with the claim that she was viewed by Salvadoran society as her husband's "property." Accordingly, substantial evidence supports the agency's conclusion that M.M.M. did not establish her membership in this particular social group.

M.M.M. argues that, in reaching these conclusions, the agency failed to consider the facts at the time of

6

persecution. She contends that her success in permanently leaving her husband in 2005 has no bearing on her status in the fifteen preceding years, when she was in a relationship characterized by violence and abuse. In support, she points to other contexts in which a subsequent change in status does not disqualify an applicant from membership in a particular social group. *See Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010) (suggesting that an adult woman could obtain asylum based on female genital mutilation inflicted on her as a child); *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 147-48 (2d Cir. 2006) (assessing past persecution of adult applicant that occurred when applicant was seven years old, over a decade before he fled his country).

These precedents are inapposite. The social groups involved in the cases M.M.M. cites are defined by essential characteristics, such as age, gender, and tribal group, not by the extrinsic condition of being *unable* to leave a domestic relationship or the social status of marital subjugation. In both *Kone* and *Jorge-Tzoc*, adult applicants petitioned for asylum based on targeted violence they suffered as children. Subsequent maturation did not change the fact that each applicant was a child victim during the relevant time period.

7

Here, by contrast, M.M.M.'s apparent ability to leave her husband in 2005, without reprisal over the ensuing years, excludes her from the particular social group of married women who *cannot* leave their abusive husbands, or whom Salvadoran society views as "property."

We likewise uphold the agency's determination denying humanitarian asylum. Because M.M.M. did not establish past persecution on account of a protected ground, she had to demonstrate "compelling reasons for being unwilling or unable to return to the country arising out of the severity" of her abuse or "a reasonable possibility that . . . she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii). As the IJ and the BIA determined, the abuse suffered by M.M.M. did not cause continuing pain or discomfort, or otherwise rise to the level of atrocious persecution. *See Matter of S-A-K- & H-A-H-*, 24 I. & N. Dec. 464, 465-66 (B.I.A. 2008) (granting humanitarian asylum for victims of female genital mutilation). Nor did M.M.M. demonstrate a "reasonable possibility" that she will experience "other serious harm" in El Salvador, given that she lived there peacefully and without abuse for seven years after her husband left for the United States. CAR at 103-04.

8

Finding the agency's decision "supported by reasonable, substantial, and probative evidence in the record," we affirm. *Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007) (brackets omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9